558 P.2d 46

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Antonio Chuck SMITH, Defendant-Appellant.**

**No. 2333.**

Court of Appeals of New Mexico.

May 18, 1976.

Toney Anaya, Atty. Gen., Ralph W. Muxlow II, Asst. Atty. Gen., Santa Fe, for appellee.

Bruce L. Herr, Acting Chief Public Defender, Sarah M. Singleton, Acting Appellate Defender, Donald Klein, Asst. Appellate Defender, Santa Fe, for appellant.

## OPINION

WOOD, Chief Judge.

Convicted of voluntary manslaughter, defendant appeals. The contention that defendant could not be charged as a principal and convicted on the basis of being an accomplice is answered by § 40A–1–14, N. M.S.A.1953 (2d Repl. Vol. 6) and *State v. Nance*, 77 N.M. 39, 419 P.2d 242 (1966), cert. denied, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). The contention that there is no proof that the crime occurred in New Mexico is frivolous. The *only* inference from the evidence is that the killing occurred in New Mexico. We discuss four items: (1) the distinction between second degree murder and voluntary manslaughter; (2) instructions concerning manslaughter; (3) sufficiency of the evidence to sustain the manslaughter conviction; and (4) evidence of an aborted plan for flight.

Defendant, Weaver and Starke picked up the female victim in Hobbs, New Mexico. They went to a home in Eunice, New Mexico and obtained a bedspread. They then drove to an oil well meter site. Weaver attempted to have sexual intercourse with the victim but was unable to do so. Defendant then had sexual intercourse with the victim. Starke then engaged in an act of sodomy with the victim. The sodomy "kind of made . . . [Weaver] sick" so he hit the victim on the face and then returned to the car. While at the car Weaver heard a thud. Weaver went back to where the others were located. Starke had a piece of pipe or fence, and the victim was lying on the ground, not moving. Starke admitted that he hit the victim. Either Starke or defendant or both removed a chain from the car. The chain was wrapped around the upper part of the victim's body; Starke and the defendant played tug of war with the chain. The chain was subsequently removed and the victim was "folded up in the trunk" of the car. Blood, hair and the victim's clothes were subsequently found at the meter site.

Starke drove the car to an oil well slush pit tank. The three men removed the victim from the trunk of the car and threw the victim into the tank. The victim was

still alive. Both Weaver and Starke got into the tank, which contained approximately fourteen inches of an "oil substance". Weaver stood and Starke sat on the victim. Subsequently defendant, who was on the ladder of the tank, helped Starke climb out of the tank. There is medical evidence that the victim was dying of her injuries before being placed in the tank and, also, that death resulted from drowning in oil.

Both Weaver and Starke pled guilty to second degree murder. In defendant's trial, the jury was instructed on first and second degree murder and voluntary manslaughter. The evidence would have sustained a conviction of either degree of murder but the jury acquitted defendant of the murder charges. The conviction was for voluntary manslaughter.

### Distinction Between Second Degree Murder and Voluntary Manslaughter

The second item—instructions concerning voluntary manslaughter, and the third item—sufficiency of the evidence, are based on the view that there must be an affirmative showing of sufficient provocation. Absent a showing of sufficient provocation, defendant contends the offense of voluntary manslaughter has not been committed.

Support for this view appears in New Mexico decisions. *State v. Lopez*, 79 N.M. 282, 442 P.2d 594 (1968) spoke of proof beyond a reasonable doubt that the killing was on a sudden quarrel or in the heat of passion. *State v. Trujillo*, 27 N.M. 594, 203 P. 846 (1921) states: " . . . appellant was convicted of voluntary manslaughter, and consequently he must have killed deceased without malice and upon a sudden quarrel, or in the heat of passion, or the verdict is not supported by the evidence." These statements, in our opinion, disregard statutory provisions concerning the offenses of second degree murder and voluntary manslaughter. In our opinion, confusion resulting from the above statements has been eliminated by the criminal jury instructions adopted by the Supreme Court.

Section 40A–2–1, N.M.S.A.1953 (2d Repl.Vol. 6) defines both first and second degree murder in terms of an unlawful killing with malice aforethought. Section 40A–2–3, N.M.S.A.1953 (2d Repl. Vol. 6) defines manslaughter in terms of an unlawful killing without malice. The statutory distinction between murder and manslaughter is the presence or absence of malice.

Section 40A–2–3(A), supra, states that voluntary manslaughter consists of manslaughter committed upon a sudden quarrel or heat of passion. The phrase "heat of passion" includes a killing in circumstances which arouse anger, fear, rage, sudden resentment, terror or other extreme emotions. Such killings are held to be upon "sufficient provocation". See U.J.I.Crim. 2.20.

Section 40A–2–2(B), N.M.S.A. 1953 (2d Repl. Vol. 6) states that malice (necessary for the offense to be murder) may be implied when no considerable provocation appears. If there is an absence of sufficient provocation, the offense may be second degree murder. If there is sufficient provocation, the offense is voluntary manslaughter.

The presence of sufficient provocation is the usual method of determining that the offense is voluntary manslaughter. However, this usual method does not cover the situation where the evidence is insufficient to show the malice required for murder and the evidence also is insufficient to show provocation. Under defendant's theory, if there is no affirmative proof of provocation, defendant may have committed no crime at all even though the evidence shows an unlawful killing.

The answer to defendant's contention is provided by *State v. Burrus*, 38 N.M. 462, 35 P.2d 285 (1934). *Burrus* considered homicide statutes appearing in N.M. Statutes, 1929 Comp. Those statutes are similar to the present New Mexico statutes cited above. The definition of voluntary

manslaughter in § 35–305, N.M.Stat., 1929 Comp. is identical to the definition appearing in § 40A–2–3(A), supra. *Burrus* holds that murder and manslaughter are degrees of the generic offense of unlawful homicide, that the relation between murder and manslaughter under our statutes is the same as it was at common law, that manslaughter is an offense "necessarily included" in murder. *Burrus* states:

> "If there was no killing or if it was not unlawful, there is no guilt. If there was a killing and it was unlawful but without malice, there is guilt of manslaughter."

*Burrus* affirmed a conviction of voluntary manslaughter. See also *State v. La Boon*, 67 N.M. 466, 357 P.2d 54 (1960). *State v. McFall*, 67 N.M. 260, 354 P.2d 547 (1960) states that the reference to "manslaughter" in *Burrus* includes both voluntary and involuntary manslaughter.

The "necessarily included" concept is applied in U.J.I.Crim. 2.10 and 2.20. The material elements of second degree murder and voluntary manslaughter are the same, with one exception. The exception is that for second degree murder, the State must prove that defendant did not act as a result of sufficient provocation. U.J.I. Crim. 2.10. If the prosecution fails to prove this negative, the absence of provocation, the State has failed to prove second degree murder because it failed to prove malice. If the prosecution has proved all elements except the absence of provocation (malice), the proof is of the lesser included offense of voluntary manslaughter.

U.J.I.Crim. 2.10 and 2.20 do not use the words "unlawful killing" or "malice". The committee commentary to those instructions takes the view that these concepts are covered by the wording of the instructions. There is no claim that these concepts are not covered. One sentence in U.J.I.Crim. 2.20 requires comment. The sentence reads:

> "You will note that the difference between voluntary manslaughter and second degree murder is that in *the case of voluntary manslaughter the accused acts*

*as a result of sufficient provocation."* (Our emphasis.)

Where there is an absence of evidence of provocation, the emphasized phrase does not appear to cover the distinction between the two offenses. The distinction in this situation is whether defendant killed with malice, or as stated in U.J.I.Crim. 2.10, killed in the absence of sufficient provocation. In this situation, the emphasized phrase might read:

> "in the case of [second degree murder] the accused acts in the absence of sufficient provocation."

Such a rewording would be consistent with *State v. Burrus*, supra, and would inform the jury, consistent with U.J.I.Crim. 2.10, that if the prosecution failed to prove that defendant did not act with sufficient provocation, (and thus with malice), the unlawful killing is voluntary manslaughter. This follows because provocation is not an affirmative element that must be proved for voluntary manslaughter. The elements of voluntary manslaughter are stated in U.J.I.Crim. 2.20. They do not include provocation. Once those elements are proved, the offense is voluntary manslaughter unless there is proof of the additional element required for second degree murder. That additional element, stated in U.J.I. Crim. 2.10, is the absence of sufficient provocation.

*Instructions Concerning Manslaughter*

The instructions on murder in the first and second degree, and on voluntary manslaughter as a lesser included offense were those appearing as U.J.I.Crim. 2.00, 2.10 and 2.20. Defendant did not object to these instructions.

The opening paragraph of the voluntary manslaughter instruction, U.J.I.Crim. 2.20, states that if defendant acted as a result of sufficient provocation, he may be found guilty of voluntary manslaughter. Defendant does not quarrel with this statement. The opening paragraph of U.J.I.Crim. 2.20 also informs the jury that if it has *a reasonable doubt* as to whether defendant act-

ed as a result of sufficient provocation, he may be found guilty of voluntary manslaughter. Defendant asserts this permits a conviction of voluntary manslaughter without proof of provocation beyond a reasonable doubt. Since defendant did not object to the instruction, he asserts that the instruction amounts to jurisdictional error.

The answer is that proof of provocation beyond a reasonable doubt is not required for a conviction of voluntary manslaughter. The previous discussion points out that the distinction between second degree murder and voluntary manslaughter is malice. U.J.I.Crim. 2.10 treats malice as the absence of sufficient provocation. If the prosecution fails to prove the absence of sufficient provocation, the offense is the lesser included offense of voluntary manslaughter.

If the jury has a reasonable doubt as to whether a defendant killed with sufficient provocation: (1) the jury cannot convict of second degree murder because the absence of sufficient provocation (malice) has not been proved; (2) the jury may convict of the lesser included offense of voluntary manslaughter which does not require proof of sufficient provocation. The opening paragraph of U.J.I.Crim. 2.20 is a correct statement of the law.

*Sufficiency of the Evidence to Sustain a Conviction for Voluntary Manslaughter*

■ Defendant's claim that the evidence is insufficient to sustain the conviction for voluntary manslaughter is not disposed of by our holding that affirmative proof of sufficient provocation is not required. The evidence in this case is that defendant's participation in the killing was in the absence of provocation and, thus, with malice. The evidence proves murder, not voluntary manslaughter.

*State v. Hunt,* 30 N.M. 273, 231 P. 703 (1924) reversed a conviction for voluntary manslaughter because the evidence did not show the killing was that degree of homicide. *Hunt* states " . . . it is error, requiring reversal, to submit a degree of homicide not within the proofs, and over the objection of the defendant." Although defendant did not object to submission of voluntary manslaughter to the jury, we do not consider the lack of objection further. We do not do so because the appeal raises a fundamental issue. That issue is whether a conviction of voluntary manslaughter can be sustained when the evidence shows murder and not voluntary manslaughter.

New Mexico decisions have held that a conviction for a lesser degree of homicide could not be sustained when the evidence showed a higher degree of homicide. *State v. Reed,* 39 N.M. 44, 39 P.2d 1005 (1934) reversed a conviction for second degree murder because the evidence showed murder by torture, which is first degree. *State v. Welch,* 37 N.M. 549, 25 P.2d 211 (1933) indicates that if the homicide occurred during the commission of a felony, the offense was first degree murder and could not be second degree murder. *State v. Pruett,* 27 N.M. 576, 203 P. 840, 21 A.L.R. 579 (1921) held that involuntary manslaughter was an unintentional killing, and since the evidence showed an intentional killing the conviction for involuntary manslaughter was reversed.

The approach taken in the foregoing decisions has been applied to the specific offense involved in this appeal. *State v. Trujillo,* supra, reversed a conviction for voluntary manslaughter where the evidence showed either first or second degree murder.

The rule applied in the above decisions is that it is error to submit a degree of homicide to the jury for its decision when there is no evidence to support that degree. The explanation is that in the absence of evidence, the degree of the offense for which there is no evidence is a false issue. *State v. Pruett,* supra.

An argument contrary to the result in the above decisions is that a defendant is in no position to complain of being convicted of a lesser offense when the evi-

dence showed he was guilty of a higher offense. Under this argument, a defendant is in no position to complain because if error has occurred, the error favors the defendant. *State v. Pruett,* supra, rejected this argument, reasoning that conviction of a lesser degree is also an acquittal of the higher degree. Having been acquitted of the higher degree, a defendant cannot be considered guilty of the higher degree. There being no evidence to support the lesser degree, a defendant goes free under this reasoning regardless of the facts of the case.

In rejecting the argument that any error favored the defendant, *State v. Pruett,* supra, and *State v. Reed,* supra, impliedly rejected additional argument stated in the two dissenting opinions in *State v. Reed,* supra, and the specially concurring opinion in *State v. Kidd,* 24 N.M. 572, 175 P. 772 (1917). Those arguments are: 1. By bringing in a guilty verdict on a lesser homicide charge, the jury found that defendant had unlawfully killed. With such a finding by the jury, the law should presume that if the jury had not found the defendant guilty of the lesser offense it would have convicted him of the higher offense. 2. The offense of unlawful killing is homicide, and conviction of any degree of homicide is to be sustained as being necessarily included in the general offense of homicide. 3. A defendant should not be allowed to complain if the jury shows mercy upon him by finding him guilty of a lesser degree of the crime he committed.

We have pointed out the arguments that were rejected because they explain, in part, subsequent developments in New Mexico. Those developments were a court rule and a statute. Although the above decisions have not been overruled, they do not require a reversal because the subsequent statute has the effect of making the decisions inapplicable. Although, dictum in *State v. Lopez,* supra, referred to *State v. Trujillo,* supra, with approval, *Lopez* did not refer to the court rule or statute.

The 1937 Legislature enacted Laws 1937, ch. 199, § 1. This statute has not been included in the 1953 Compilation. In 1937 the Supreme Court adopted a rule. The court rule appears as § 41–13–1, N.M.S.A. 1953 (*1st* Repl. Vol. 6). The statute and court rule are identical. The pertinent portion of the statute and court rule read:

". . . any person found guilty of murder in the second degree or of any degree of manslaughter shall be punished according to the verdict of the jury, although the evidence in the case shows him to be guilty of a higher degree of homicide; and no judgment shall be stayed, arrested or in any manner affected because the evidence shows or tends to show the accused guilty of a higher degree of the offense than that of which he is convicted."

The above language has been used to uphold convictions where the claim was that the evidence showed a higher degree of homicide than the degree of which defendant had been convicted. *State v. Cochran,* 79 N.M. 640, 447 P.2d 520 (1968); *State v. McFall,* supra; *State v. Griego,* 61 N.M. 42, 294 P.2d 282 (1956). See, *State v. Horton,* 57 N.M. 257, 258 P.2d 371 (1953).

The court rule cannot be applied to sustain defendant's conviction because the court rule was repealed in 1972. See annotation to § 41–13–1, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975).

Laws 1947, ch. 175 is entitled "An Act to Repeal Obsolete and Superseded Laws Which Are Not Included in the New Mexico 1941 Compilation. . . ." This 1947 statute purported to repeal Laws 1937, ch. 199. However, *Tindall v. Bryan,* 54 N.M. 112, 215 P.2d 354 (1949) held that the 1947 law violated N.M.Const., Art. IV, § 16 and was "inoperative to change, or in any way affect any of the laws sought to be thereby repealed." Defendant contends that by enacting the 1947 law, the Legislature intended that the court rule (subsequently repealed) should supersede the statute. Since the 1947 law was inoperative to

change any law, the 1937 statute remains in effect.

The 1937 law, quoted above, provides that defendant is to be punished according to the jury's verdict of voluntary manslaughter even though the evidence shows he committed a higher degree of homicide. This statute authorizes this Court to sustain the conviction of voluntary manslaughter.

Defendant asserts that application of the 1937 statute to his case would violate "federal" due process. The essence of this contention is that due process is violated by a conviction if there is a failure to prove an element of the crime. *Vachon v. New Hampshire,* 414 U.S. 478, 94 S.Ct. 664, 38 L.Ed.2d 666 (1974); *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed. 2d 368 (1970).

Defendant's argument is directed to the lack of evidence of provocation. We have held that provocation is not an element of voluntary manslaughter; rather, that absence of sufficient provocation is an element of second degree murder. Compare, *Mullaney v. Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L.Ed.2d 508 (1975).

Defendant's contention would be more appropriately directed to the fact that the proof in this case shows murder, but not voluntary manslaughter. Even if so directed it would be without merit. The evidence in this case shows at least second degree murder. The only difference between second degree murder and voluntary manslaughter is that second degree murder requires proof of the absence of sufficient provocation. When the State proved second degree murder, it proved all the elements of voluntary manslaughter. There is no lack of proof of the elements of voluntary manslaughter. The proof is of those elements and more. To sustain a conviction in these circumstances does not violate "federal" due process.

*Evidence of an Aborted Plan for Flight*

After the body was discovered, defendant, Weaver and Starke discussed fleeing from New Mexico. In this conversation, defendant stated he could not leave New Mexico with the other two men because the plan was to go to Kentucky. Defendant said he could not go through Missouri. Defendant was asked why. ". . . [H]e said he was wanted in Missouri for some other murders that he had committed." Over defendant's objection, the above testimony was introduced as a part of the State's case-in-chief.

Defendant contends this evidence was not relevant. Evidence of flight, or in this case, the aborting of defendant's plan for flight, is relevant because it tends to show consciousness of guilt. *State v. Beachum,* 82 N.M. 204, 477 P.2d 1019 (Ct. App.1970); *State v. Hardison,* 81 N.M. 430, 467 P.2d 1002 (Ct.App.1970).

Defendant asserts that the evidence was inadmissible as evidence of bad character. Such evidence is admissible if it comes within any of the items specified in Evidence Rule 404(b). One of the items specified is "absence of mistake or accident." The trial court correctly ruled that the testimony concerning flight was admissible because probative of an absence of accident on defendant's part in his participation in the killing. *State v. Nelson,* 65 N. M. 403, 338 P.2d 301 (1959).

Defendant also claims the prejudicial effect of the testimony outweighed any probative worth it might have and therefore should have been excluded under Evidence Rule 403 and *State v. Marquez,* 87 N.M. 57, 529 P.2d 283 (Ct.App.1974). No such contention was raised in the trial court; it will not be considered. N.M. Crim.App. 308.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.