561 P.2d 1349
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**David SCOTT, Defendant-Appellant.**

No. 2748.

Court of Appeals of New Mexico.

March 1, 1977.

Writ of certiorari denied March 30, 1977.

Jan Hartke, Chief Public Defender, Reginald J. Storment, App. Defender, William H. Lazar, Asst. App. Defender, Santa Fe, for defendant-appellant.

Ralph W. Muxlow II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of second degree murder. Issues listed in the docketing statement which have not been argued in the briefs are deemed abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). The two points argued concern the instructions stating the elements of the crimes of second degree murder and voluntary manslaughter. The points are: (1) the instructions are erroneous in failing to refer to malice as a distinction between second degree murder and voluntary manslaughter; and (2) the instruction on voluntary manslaughter is erroneous because it permitted the jury to

"find the defendant guilty of voluntary manslaughter if it had a reasonable doubt whether he acted as a result of sufficient provocation." Because of the procedural posture of this case, we do not discuss the merits of either point. Rather, we discuss: (1) applicability of the Supreme Court order adopting the challenged instructions; and (2) whether the voluntary manslaughter instruction is reviewable.

*Applicability of the Supreme Court Order*

The instructions given are U.J.I. Crim. 2.10 (second degree murder) and U.J.I. Crim. 2.20 (voluntary manslaughter). Neither instruction refers to malice. Both by objections to these instructions and by requested instructions which were refused, defendant contended the jury must be instructed that second degree murder was a killing with malice and that voluntary manslaughter was a killing without malice. Compare § 40A–2–1 with § 40A–2–3, N.M. S.A.1953 (2d Repl. Vol. 6). The prosecutor agreed with defendant's contention. See, however, *State v. Hamilton*, 89 N.M. 746, 557 P.2d 1095 (1976).

The General Use Note to U.J.I. Crim. states: "When a Uniform Instruction is provided for the elements of a crime . . . the Uniform Instruction must be used without substantive modification or substitution." The Committee Commentary to U.J.I. Crim. 2.00 and 2.10 makes it clear that the failure to refer to malice in the homicide instructions was deliberate and not an inadvertent omission.

The order of the Supreme Court entered in connection with U.J.I. Crim. adopts the instructions and Use Notes and directs that the instructions be used in criminal cases filed in district courts after September 1, 1975.

In refusing to insert a reference to malice in the instructions given, the trial court pointed out that it was giving instructions approved by the Supreme Court and that it was bound by the Supreme Court order.

Defendant would have this Court disregard the Supreme Court order, citing *State v. Castrillo* (Ct.App.), No. 2499, decided December 21, 1976. In *Castrillo*, two members of this Court failed to follow the Supreme Court order in connection with an instruction approved by the Supreme Court. *Castrillo* is pending in the Supreme Court on a writ of certiorari issued February 1, 1977.

■ This Court is to follow precedents of the Supreme Court; it is not free to abolish instructions approved by the Supreme Court. *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973); see *State v. Sedillo*, 86 N.M. 382, 524 P.2d 998 (Ct.App.1974), cert. denied, 419 U.S. 1072, 95 S.Ct. 662, 42 L.Ed.2d 669 (1974). Compare the approach to U.J.I. Crim. instructions in *State v. Smith*, 89 N.M. 777, 558 P.2d 46 (Ct.App. 1976), overruled on other grounds in *Smith v. State*, 89 N.M. 770, 558 P.2d 39 (1976).

■ This Court is bound by the Supreme Court order approving the challenged instructions; we have no authority to set the instructions aside. In so holding, we recognize that in appropriate situations we may consider whether the Supreme Court precedent is applicable. *State v. Bazan*, 90 N.M. 209, 561 P.2d 482 (Ct.App.), decided January 25, 1977; *State v. Boeglin*, 90 N.M. 93, 559 P.2d 1220 (Ct.App.), decided January 18, 1977; *Rodgers v. Ferguson*, 89 N.M. 688, 556 P.2d 844 (Ct.App.1976); *State v. Dorsey*, 87 N.M. 323, 532 P.2d 912 (Ct.App. 1975), aff'd, 88 N.M. 184, 539 P.2d 204 (1975). In this case there is no question that the instructions of the Supreme Court are applicable.

The instructions being applicable and this Court being bound to follow the Supreme Court order, we decline to review the merits of the "malice" argument.

*Whether Voluntary Manslaughter Instruction is Reviewable*

■ Defendant's challenge to the legal correctness of the voluntary manslaughter instruction is a challenge to the first paragraph of U.J.I. Crim. 2.20. See point 2 in the opening paragraph of this opinion. The only challenge to U.J.I. Crim. 2.20 in the

trial court was the omission of any reference to malice. The appellate argument directed to the legal correctness of the first paragraph of U.J.I. Crim. 2.20 was not raised in the trial court. See *Smith v. State*, supra.

Defendant claims U.J.I. Crim. 2.20 is unconstitutional because it is an incorrect statement of the "reasonable doubt" standard. He then asserts that the jury was instructed it did not have to apply the reasonable doubt standard and this amounts to jurisdictional error. The contention fails to consider the instructions as a whole; the jury was told that the burden "is always on the State to prove guilt beyond a reasonable doubt." Defendant's claim is not a claim of jurisdictional error; the claim goes only to the legal correctness of the instruction. See the discussion in *State v. Kendall*, 90 N.M. 236, 561 P.2d 935 (Ct.App.), decided January 4, 1977, certiorari granted February 9, 1977. This claim is not before us for review because it is raised for the first time on appeal. N.M.Crim.App. 308.

Even if the claim is properly before us for review, the attack on U.J.I. Crim. 2.20 is an attack on the legal correctness of an instruction approved by the Supreme Court. We have already pointed out that we are bound to follow the Supreme Court order as to use of approved instructions.

Another answer is that defendant was convicted of second degree murder; he was not convicted of voluntary manslaughter. Two instructions of the trial court told the jury they were first to determine whether defendant was guilty of second degree murder; that guilt of voluntary manslaughter was to be considered *only* if it was determined that defendant was not guilty of second degree murder. See U.J.I. Crim. 2.40. In light of instructions as to the procedure to be followed, any error in the voluntary manslaughter instruction was harmless. *State v. Hamilton*, supra.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.