71 Cal.Rptr. 925]

## Appellate Department, Superior Court, Sacramento

[Crim. A. No. 186164.   Sept. 25, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM L. SMEJKAL, Defendant and Appellant.

Spurr, Brunner & Nelson and W. H. Brunner for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Ralph J. Cowing, Deputy Attorney General, for Plaintiff and Respondent.

WHITE, J.—This is an appeal on the judgment roll from a decision of the municipal court in favor of the plaintiff enforcing a sales tax liability against the appellant on a cause of action alleged under and pursuant to section 6711 of the Revenue and Taxation Code.

The defendant interposed demurrers alleging a special defense that the cause of action was barred by the three-year statute of limitations provided for in said section 6711. It is conceded that the facts are as stated in the complaint, as amended, and thus the issue is one of law.

Appellant and a partner became liable for the payment of a retail sales tax arising out of the sale of personal property during the period of July 1, 1962, to September 30, 1962, in

the sum of $1,140. Notice of determination of said tax was served on appellant on March 20, 1964. Penalties and interest have accrued on the unpaid tax and as of November 30, 1967, there was a total due in the sum of $1,968.60, with further interest accruing at the rate of one-half percent per month thereafter.

On June 22, 1964, a certificate of the amount of such tax, interest and penalties then due was recorded in the County of Humboldt, consistent with the provisions of section 6757 of said code. A similar certificate thereafter was recorded on May 15, 1968, in the County of Sacramento.

Said section 6711 provides therein for the time within which the state may file an action *in personam* against a tax debtor, and fixes the time to sue within three years after the tax is due or is delinquent, or "within three years after the last recording . . . of a certificate under Section 6757. . . ''.

The present action was filed on January 2, 1968, admittedly more than three years after the tax became due and admittedly more than three years following the recording of the certificate on June 22, 1964, in the County of Humboldt.

It is the contention of appellant that by virtue of these circumstances the cause of action alleged by the state is barred, and that the unilateral act of the state in recording the new certificate under section 6757 on May 15, 1968, in Sacramento County could not have the effect of revitalizing the barred cause of action. With this contention we are in accord and on the basis thereof must reverse the judgment, with instructions.

Said section 6757 provides: "If any amount required to be paid to the state under this part is not paid when due, the board may within three years after the amount is due file for record in the office of any county recorder a certificate specifying the amount, interest, and penalty due, the name and address as it appears on the records of the board of the person liable for the same, and the fact that the board has complied with all provisions of this part in the determination of the amount required to be paid. From the time of the filing for record, the amount required to be paid together with interest and penalty constitutes a lien upon all property in the county owned by the person or afterward and before the lien expires acquired by him. The lien has the force, effect, and priority of a judgment lien and shall continue for 10 years from the time of the filing of the certificate unless sooner released or otherwise discharged. The lien may, within 10 years from the date

of the filing of the certificate or within 10 years from the date of the last extension of the lien in the manner herein provided, be extended by filing for record a new certificate in the office of the county recorder of any county and from the time of such filing the lien shall be extended to the property in such county for 10 years unless sooner released or otherwise discharged. *The lien imposed by this section shall not be valid insofar as personal property is concerned as against a purchaser for value without actual knowledge of the lien."*

■ It is to be observed that the effect of said section 6757 is to constitute the claim of the state a lien upon all of the property in the county (of recordation) owned by the person or afterwards and before the lien expires acquired by him, which has the force, effect and priority of a judgment lien for a period of 10 years from the filing of the certificate, unless sooner released or otherwise discharged. Further provision is made for revitalizing the lien within 10 years from the filing of the certificate, or within 10 years from the date of the last extension of the lien in the manner therein provided.

■ The procedure for the enforcement of the said lien is provided for in section 6776 of said code and does not contemplate any action in any court of law, but provides for a warrant to be issued by the board or its authorized representative for the enforcement of the lien and for the collection of any amount required to be paid to the state. Clearly this does not contemplate an action *in personam* to enforce the lien.

■ Under the circumstances when this action was filed the statute of limitations provided for in section 6711 had become a bar to the action *in personam* for at that time the "last recording of an abstract under Section 6757" (in Humboldt County) had occurred more than three years before that time. The contention of the state that the subsequent re-recording of a certificate in Sacramento County on May 15, 1968, which was the subject of the amendment to the complaint, is without merit for the unilateral act of the state could not revitalize that cause of action which had become barred by the very provisions of the code.

The judgment is reversed with instructions to the trial court to enter judgment in favor of the appellant, with costs.

Mundt, P. J., and Reckers, J., concurred.