[Civ. No. 53204. Second Dist., Div. Two. Dec. 21, 1978.]

STATE BOARD OF EQUALIZATION, Plaintiff and Respondent, v. BALBOA INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Harold B. Green and Theodore A. Onesti for Defendant and Appellant.

Evelle J. Younger, Attorney General, Ernest P. Goodman, Assistant Attorney General, Philip C. Griffin and Lawrence K. Keethe, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BEACH, J.**—Balboa Insurance Company appeals from the summary judgment for the State Board of Equalization (the Board) and against Balboa (appellant). The Board had filed a complaint on surety bonds alleging 12 causes of action against defendant-appellant, Balboa Insur-

ance Company.[1] The summary judgment upon which this appeal is taken was on the first cause of action, which involved Balboa as the surety for C and T Enterprises.

## FACTS

The complaint alleged that on June 2, 1971, appellant executed a bond effective June 1, 1971, as security for payment of the California sales and use taxes incurred by C and T Enterprises. Between January 1, 1972, and May 31, 1972, C and T Enterprises incurred tax liability of $1,109.79, $266.13 interest, and $158.48 penalties. A lien certificate was recorded in Riverside County on November 2, 1972. C and T refused to pay, and it is alleged that the Board then made demand upon appellant under the terms of the bond. In its answer, appellant alleged that the Board made no demands upon appellant but did notice appellant on September 23, 1975, more than 39 months after appellant's notice of cancellation to the Board.[2]

The opposition to the motion for summary judgment is based primarily on the argument that the complaint is barred by the statute of limitations.

## CONTENTIONS ON APPEAL:

Appellant contends that the three-year statute of limitations of Revenue and Taxation Code section 6711 applies as against a surety who issues a sales tax bond pursuant to Revenue and Taxation Code section 6701. Appellant contends that the three-year statute of limitations starts to run when the penalty for the nonpayment attaches, which would be approximately 10 days after November 2, 1972, in this case. Notice given to the surety was not the equivalent of demand, nor was it timely made. Even if the filing of the certificate of lien extends the statute of limitations against both the principal and the surety, the certificate must name both in order to do so. Appellant also contends that the Board did not act reasonably and that appellant is being given an obligation larger and more burdensome than the principal's.

---

[1] All causes of action are similar and each relates to a separate bond executed by Balboa for 12 separate individuals or firms. Apparently the appellant is testing the statutory scheme through the first cause of action which relates to C and T only.

[2] Appellant cancelled its sales tax bond issued on behalf of C and T effective June 11, 1972.

Respondent contends that the action was timely filed under both Revenue and Taxation Code section 6711 and the four-year statute of limitations for written contracts pursuant to Code of Civil Procedure section 337, subdivision 1. Respondent also contends that a certificate pursuant to section 6757 of the Revenue and Taxation Code need not name the surety and that the Board was not required to make a demand upon the surety.

DISCUSSION

1. *The action was timely filed under Revenue and Taxation Code section 6711.*

During the period of time pertinent to the instant action, Revenue and Taxation Code section 6711 provided in part: "At any time within three years after any tax or any amount of tax required to be collected becomes due and payable and at any time within three years after the delinquency of any tax or any amount of tax required to be collected, or *within the period during which a lien is in force as the result of the recording of* an abstract under Section 6738 or of a *certificate under Section 6757* or 6757.5, the board may bring an action in the courts of this state . . . to collect the amount delinquent together with penalties and interest."[3] (Italics added.)

■ The court in *People* v. *United States Fire Ins. Co.,* 61 Cal.App.3d 231, 234-235 [132 Cal.Rptr. 139], allowed the surety to be sued within the 10-year period that the lien is in force under section 6757.[4]

*People* v. *United States Fire Ins. Co., supra,* 61 Cal.App.3d at pages 234-235, therefore answers appellant's contention that Revenue and Taxation Code sections 6757 and 6757.5 define the extension of the three-year statute of limitations as against the taxpayer only. However, it

---

[3]A 1977 amendment (Stats. 1977, ch. 481, § 14, p. 1565, operative July 1, 1978), substituted the phrase "or the recording or filing of a notice of state tax lien under Section 6757" for "or of a certificate under Section 6757 or 6757.5."

[4]Section 6757 was also amended operative July 1, 1978. Under the former section, in effect at all relevant times during this action, "The lien has the force, effect, and priority of a judgment lien and shall continue for ten years from the time of the filing of the certificate unless sooner released or otherwise discharged." Under the new section, "Any lien arising pursuant to this section shall continue for 10 years from the date of recording or filing of a notice of state tax lien pursuant to subdivision (b) or (c), unless sooner released or otherwise discharged." Under either version, the lien may be extended. The differences in language make no difference to the resolution of the case at bench.

does not directly deal with the question of whether the filing of the certificate must name both the principal and the surety in order to extend the statute of limitations against both.[5]

█ The running of the statute of limitations against a principal does not bar an action against the surety. (*Bloom* v. *Bender,* 48 Cal.2d 793, 797-798 [313 P.2d 568]; 2 Witkin, Cal. Procedure (2d ed.) Actions, § 299, p. 1146.) The liability of the surety should at least remain as long as the obligation of the principal remains. Therefore, we reject appellant's argument that the certificate whose effect is to extend the principal's liability for 10 years must necessarily name the surety.

C and T was permitted to operate because the bonding company (Balboa) put up the security for C and T and the State of California relied upon the bonding company. The reliance was upon the representation and the legal acceptance of any liability by or on the part of C and T to the State of California for the payment of the particular tax. That liability and obligation of C and T was assumed by the bonding company and included the obligation to be subject to the provisions of the Revenue and Taxation Code relative to liens, foreclosures, collections, and resort against the security posted by C and T. That security took the form of the bond.

The surety by now demanding that the certificate of lien name it as well as the taxpayer C and T in effect is asking to have its agreement changed and to make limitations upon its agreed obligation. That agreement was that it would stand in the shoes of the taxpayer C and T

---

[5]At times pertinent to this case, Revenue and Taxation Code section 6757 provided: "If any amount required to be paid to the state under this part is not paid when due, the board may within three years after the amount is due file for record in the office of any county recorder a certificate specifying the amount, interest, and penalty due, the name and address as it appears on the records of the board of the person liable for the same, and the fact that the board has complied with all provisions of this part in the determination of the amount required to be paid. From the time of the filing for record, the amount required to be paid together with interest and penalty constitutes a lien upon all property in the county owned by the person or afterward and before the lien expires acquired by him. The lien has the force, effect, and priority of a judgment lien and shall continue for 10 years from the time of the filing of the certificate unless sooner released or otherwise discharged. The lien may, within 10 years from the date of the filing of the certificate or within 10 years from the date of the last extension of the lien in the manner herein provided, be extended by filing for record a new certificate in the office of the county recorder of any county and from the time of such filing the lien shall be extended to the property in such county for 10 years unless sooner released or otherwise discharged. The lien imposed by this section shall not be valid insofar as personal property is concerned as against a purchaser for value without actual knowledge of the lien."

for all purposes of the tax and collection liabilities. Those obligations and liabilities included the risk that a lien certificate would be filed, which occurrence extended the time within which an action may be brought to ten years. The surety here asks that it be treated differently than the principal C and T. To do that would entirely abrogate and make meaningless the very contract of suretyship that the surety, Balboa, entered into.

When Balboa made the agreement to stand good for C and T's tax liability, it did not put conditions of special or separate notice to it. Nor did it make as a condition of the operation of that bond that the notice of lien would include the name of the surety. If Balboa had wanted such a condition, it could have attempted to put that condition in the bond as a condition precedent to its operability or validity. In that manner the State could have decided to accept the bond with such condition or to reject it before allowing C and T to do business. When Balboa agreed to be responsible and wrote the bond, it did so charged with the full knowledge of the statutory provisions and scheme applicable to such tax liability of C and T. The statutes clearly state the right of the State to extend the time within which action on the security may be brought against a taxpayer. The statutory provisions are not confusing or misleading.

Even though the provisions for filing of the notice of lien make no provisions for naming the surety, in cases where there is a bond, and in addition have the effect of extending the time within which an action may be brought for 10 years, those provisions are not in themselves unfair. As indicated Balboa sold this bond and made this agreement with its eyes wide open.

█ Appellant further contends that notice given to the surety was not equivalent to demand and that by waiting an unreasonable time the Board increased the interest and made the liability of the surety greater than that of the principal. Civil Code section 2807 provides: "A surety who has assumed liability for payment or performance is liable to the creditor immediately upon the default of the principal, and without demand or notice." In *Bloom* v. *Bender, supra,* 48 Cal.2d at pages 799-800, the court held that the bringing of the action constituted sufficient notice of default and that neither the law nor the agreement between the parties provided that notice was required.

The foregoing makes it unnecessary to resolve plaintiff's contention that Code of Civil Procedure section 337, subdivision 1, applies. (*People v. United States Fire Ins. Co., supra,* 61 Cal.App.3d at p. 235.) Moreover, as it has been pointed out "civil periods of limitation are normally governed by Code of Civil Procedure sections 312 to 363, 'unless where, in special cases, a different limitation is prescribed by statute.' (Code Civ. Proc., § 312.) Section 6711 [Rev. & Tax. Code] prescribes such a different limitation period for actions to collect delinquent taxes." (*People v. United States Fire Ins. Co., supra,* 61 Cal.App.3d at p. 236.)

The summary judgment is affirmed.

Fleming, Acting P. J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 14, 1979.