[No. B063486. Second Dist., Div. Three. June 7, 1993.]

THE PEOPLE, Plaintiff and Appellant, v.
ANAND G. GARG et al., Defendants and Respondents.

COUNSEL

Daniel E. Lungren, Attorney General, Edmond B. Mamer and Herbert A. Levin, Deputy Attorneys General, for Plaintiff and Appellant.

McDermott, Will & Emery and Gail H. Morse for Defendants and Respondents.

OPINION

HINZ, J.—

### INTRODUCTION

This appeal raises the issue of the length of the period in which the State Board of Equalization (Board) may bring an action to collect delinquent taxes pursuant to Revenue and Taxation Code section 6711.

Plaintiff and appellant the People of the State of California (the People), acting by and through the Board, appeal from the judgment in favor of

defendants and respondents Anand G. Garg and Hira L. Khanna, a partnership, and Anand G. Garg and Hira L. Khanna, individually (respondents). The trial court held the action against respondents was barred by the statute of limitations. The People contend that the recording of a lien extended the limitations period, rendering the action timely.

We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 1980, the Ohio partnership of which respondents, Ohio residents, were limited partners, purchased an aircraft from a California aircraft merchant in a sale and lease-back transaction. The partnership gave the seller a sales tax exemption certificate indicating that the purchase was exempt from sales tax.

By letter dated April 1, 1982, addressed to respondents at a California address, the Board requested a return of California sales or use tax and in return received a copy of the certificate of exemption. A notice of determination dated May 13, 1982, indicated that the tax due was $25,808.76, and in addition there was a penalty of $2,580.88 and interest to May 31, 1982, of $4,129.40. This notice was followed by a demand for immediate payment dated June 12, 1982. Respondents never received the notice of determination or the demand for payment. Respondents had no personal knowledge of the tax liability for the purchase of the aircraft until about May 1984, when the Board sent a statement to them in Ohio.

On February 1, 1989, the Board recorded a notice of state tax lien for those taxes, penalties and interest against respondents in the official records of San Diego County.[1]

On June 19, 1990, the Board filed this action to collect use tax arising from the December 1980 purchase in the amount of $25,808.76, penalties of $5,161.76 and interest of approximately $34,782.86.

Before commencement of trial, the trial court considered the issue of respondents' statute of limitations defense and the issue of exhaustion of administrative remedies.

The trial court held, based upon the "reasonable and equitable construction" of section 6711 of the Revenue and Taxation Code, the action seeking a personal judgment against the taxpayer was untimely.

---

[1]Respondents assert that they have never had any property in the state to which a lien could attach.

ISSUE

 Was the action timely under Revenue and Taxation Code section 6711?[2] Did the recordation of a notice of tax lien after the expiration of the general limitations of three years create or revive the period in which the state could bring a personal action against respondents?

DISCUSSION

### 1. The Statute of Limitations

Section 6711 grants the Board authority to bring an action in court to collect unpaid sales and use tax. The statute refers, in the disjunctive, to two different limitation periods. It provides, in pertinent part, as follows: "At any time within three years after any tax or any amount of tax required to be collected becomes due and payable and at any time within three years after the delinquency of any tax or any amount of tax required to be collected, or within the period during which a lien is in force as the result of the recording of an abstract under Section 6738 [of a judgment] or the recording or filing of a notice of state tax lien under Section 7171 of the Government Code, the board may bring an action in the courts of this state, or any other state, or of the United States in the name of the people of the State of California to collect the amount delinquent together with penalties and interest."

The three-year limitation corresponds to the general limitation period for actions created by statute. (Code Civ. Proc., § 338, subd. (a).) The period in which a lien is in force is discussed below.

### 2. State Tax Liens

A lien is defined as "a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act." (Civ. Code, § 2872; see, also Code Civ. Proc., § 1180.) State tax liens, including those pertaining to sales and use tax liability, are created by operation of law pursuant to statute. (§ 6757; Civ. Code, § 2881.)

The Sales and Use Tax Law (§ 6001 et seq.) provides, "If any person fails to pay any amount imposed under [the Sales and Use Tax Law] at the time it becomes due and payable, the amount thereof, including penalties and interest, together with any costs in addition thereto, shall thereupon be a

---

[2]All statutory references hereinafter are to the Revenue and Taxation Code unless otherwise indicated.

perfected and enforceable state tax lien. . . .” (§ 6757, subd. (a).) Amounts are “ ‘due and payable’ . . . [¶] the date the assessment is final.” (§ 6757, subd. (b)(4).)

Except as to certain holders of prior rights, a state tax lien attaches to “. . . all property and rights to property whether real or personal, tangible or intangible, including all after-acquired property and rights to property, belonging to the taxpayer and located in this state. . . .” (Gov. Code, § 7170.)

Once the lien attaches, it continues in effect for 10 years “from the date of its creation” unless it is released or discharged. It is “extinguished” 10 years from the date of creation unless a notice of state tax lien is recorded or filed as provided in Government Code section 7171. (Gov. Code, § 7172.)

■ Government Code Section 7171 provides for the recording of state tax liens: “(a) With respect to real property, at any time after creation of a state tax lien, the agency may record in the office of the county recorder of the county in which the real property is located a notice of state tax lien.

“(b) With respect to personal property, at any time after creation of a state tax lien, the agency may file a notice of state tax lien with the Secretary of State pursuant to Chapter 14.5 (commencing with Section 7220).”[3]

If a state tax lien is filed under Government Code section 7171, it is effective for a period of 10 years from the date of filing and its effectiveness lapses on the expiration of the 10-year period unless a certificate of continuation is filed, within 6 months prior to the end of the 10-year period. This certificate of continuation extends the original 10-year period 10 additional years. The provision for succeeding certificates allows the tax lien to remain effective indefinitely. (Gov. Code, §§ 7172, 7224.) The recording of a state tax lien gives it preference over most after-recorded or acquired security interests. (§ 6756.)

### 3. *The Lack of Timeliness in This Case*

■ Section 6711 grants the Board authority to “bring an action,” implicitly differentiating between and providing distinct limitation periods

---

[3]These provisions create what has been referred to as “an ‘ambulatory lien.’ ” (*O’Callaghan v. People* (1958) 165 Cal.App.2d 358, 363 [332 P.2d 170].) “. . . [T]he purpose of [the lien recording provisions] was to insure effective and fruitful collection of delinquent taxes . . . the Legislature undoubtedly was aware of the possibility that at the time the tax became due the taxpayer might not possess real property. . . . By providing for the preservation and extension of this lien by the process of periodic recordation of the abstract of judgment [pursuant to section 6738] or certificate [pursuant to section 6757 and Goverment Code section 7171], the Legislature must have intended that there be no time or area limitation preventing this ambulant lien from attaching.” (*Ibid.*)

for actions against the person and actions upon liens. It does not require any distortion of reason or language to construe the statute in this manner.

In two cases concerning sureties, the Court of Appeal has held that an action is timely if filed within the 10-year period that a lien is in force. (*State Bd. of Equalization* v. *Balboa Ins. Co.* (1978) 89 Cal.App.3d 499, 502 [155 Cal.Rptr. 205]; *People* v. *United States Fire Ins. Co.* (1976) 61 Cal.App.3d 231, 234-235 [132 Cal.Rptr. 139].)[4] However, these decisions afford no guidance for a resolution of the issue at hand. In both cases, a lien existed and attached to the surety bond which provided security for the payment of the delinquent taxes to be collected by the action.

The language of section 6711 plainly allows the state to bring an action in personam within three years after the tax becomes due and payable and after the delinquency. (See *People* v. *Smejkal* (1968) 266 Cal.App.2d Supp. 971, 973 [71 Cal.Rptr. 925] [under pre-1969 version of statute, lien recorded after a three-year period could not "resurrect" three-year limitation for personal jurisdiction].)[5]

---

[4]In *People* v. *United States Fire Ins. Co.*, *supra*, the court held an action against a surety of a delinquent taxpayer was timely under section 6711, as it was filed within the period a lien was in force, despite the fact that after the bond had expired the statute had been amended from three years to ten years. The court explained that the surety was liable because the statute of limitations was enlarged before the People's claim was barred.

In *State Bd. of Equalization* v. *Balboa Ins. Co.*, *supra*, the court addressed the question of whether the filing of the certificate must name both the principal and the surety in order to extend the statute of limitations against both. It held that the surety assumed the liability of the taxpayer to the State of California for the payment of sales tax and its obligation included the risk that a lien certificate would be filed. Therefore, the surety need not be named in the notice of lien itself.

[5]The appellate department of the superior court held that section 6711 provided the time within which the state may file an action in personam against a tax debtor. At that time section 6711 "fix[ed] the time to sue within three years after the tax [was] due or [was] delinquent, or 'within three years after the last recording . . . of a certificate under Section 6757 . . .'" The court held the action was barred by the statute of limitations; the action had been filed more than three years after the tax became due and more than three years following the recording of a tax lien pursuant to section 6757, even though the lien was for a ten-year period.

The *Smejkal* opinion explained, "The procedure for enforcement of the said lien . . . does not contemplate any action in any court of law, but provides for a warrant to be issued by the board or its authorized representative for the enforcement of the lien and for the collection of any amount required to be paid to the state. Clearly this does not contemplate an action *in personam* to enforce the lien. [¶] Under the circumstances when this action was filed the statute of limitations provided for in section 6711 had become a bar to the action *in personam* for at that time the 'last recording of an abstract under [former] Section 6757' (in Humboldt County) had occurred more than three years before that time. The contention of the state that the subsequent re-recording of a certificate in Sacramento County on May 15, 1968, which was the subject of the amendment to the complaint, is without merit for the unilateral act of

The People contend that the language of section 6711 should be read to allow a personal action against a delinquent taxpayer as long as there exists a recorded lien. This interpretation, however, results in a statute of limitations without limitation. Because a lien can be renewed indefinitely, the time to bring an action could possibly be never ending. This does not appear to be a reasonable reading of the statute.

Nor is this construction consistent with the intent of the Legislature as reflected in the amendment to section 6711 in 1969.

The 1969 legislation, Assembly Bill No. 1838, established a procedure for the creation of a lien upon all personal property in the state, rather than the county, of a taxpayer who is delinquent in payment of certain state taxes. The new lien would be similar to that of the Internal Revenue Service and would provide the advantage of being statewide rather than being limited to the county of recording. In adopting this legislation, section 6711 was amended to incorporate the 10-year period of the lien, allowing an action as long as a lien was "in force." (Stats. 1969, ch. 915, § 3, p. 1821.) Prior to the amendment, section 6711 provided for a three-year limitation period only, measured from the date of delinquency or within three years of the last recording of an abstract of judgment or lien. (See, fn. 5, *ante*, discussing *People* v. *Smejkal*, *supra*, 266 Cal.App.2d Supp. 971.)

The legislative history is silent on the question of a limitations period and reveals no intent to effect a radical change in actions against persons like respondents with no personal or real property in the state. An action to enforce a recorded lien, however, could be commenced "within the period during which a lien is in force . . ."

The limitation period in this case began to run June 14, 1982. Almost seven years later, on February 1, 1989, the Board filed a notice of tax lien in San Diego County. The action before us was not filed until June 19, 1990.

Although the People may have been able to bring an action to enforce the lien, if it could have been established that there exists a viable, valid lien

---

the state could not revitalize that cause of action which had become barred by the very provisions of the code." (266 Cal.App.2d at p. Supp. 974, original italics.)

directed at specific property in the state,[6] a personal action against respondents is barred. (Cf. *City of San Diego* v. *Higgins* (1896) 115 Cal. 170 [46 P. 923] [personal action to collect municipal taxes barred despite existence of tax lien].)

## DISPOSITION

Judgment affirmed. Costs are awarded to respondents.

Klein, P. J., and Croskey, J., concurred.

---

[6]Respondents contend the lien was not properly filed and also the respondents did not have any property to which the lien could have attached. Any issues regarding the validity of a lien in this case are not fully presented by the record before us and are not addressed.