642 P.2d 166 (1982)
Antonio "Ike" DeVARGAS, Petitioner,
v.
STATE of New Mexico, ex rel. NEW MEXICO DEPARTMENT OF CORRECTIONS, Clyde O. Malley, Edwin T. Mahr, Michael Hanrahan, John Does 1 through 10, respondents.
No. 13965.
Supreme Court of New Mexico.
February 22, 1982.
Rehearing Denied March 4, 1982.
*167 Singleton & Roberts-Hohl, Sarah Michael Singleton, Santa Fe, Richard Rosenstock, Chama, Sena & Herrera, Robert Sena, Santa Fe, for petitioner.
Jeff Bingaman, Atty. Gen., Ralph Muxlow, Asst. Atty. Gen., Santa Fe, Rodey, Dickason, Sloan, Akin & Robb, Mark C. Meiering, Albuquerque, for respondents.
John W. Cassell, Sp. Asst. Atty. Gen., Santa Fe, for amicus curiae State Police.

DECISION ON CERTIORARI
FEDERICI, Justice.
The opinion of the Court of Appeals was filed on October 1, 1981. 640 P.2d 1327. A petition for writ of certiorari was filed in this Court on November 9, 1981. Thereafter, the petition for writ of certiorari was granted on November 20, 1981.
After an exhaustive review of the transcripts, briefs and authorities, it is the decision of this Court that the petition for writ of certiorari heretofore granted be quashed as improvidently issued.
Under Section 42 U.S.C. § 1983, the statute of limitations applicable is that which applies to the most closely analogous cause of action under state law.
In Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the Supreme Court of the United States clearly stated that lower federal courts must look to and apply the state statute of limitations governing the state cause of action provided by state law which is most closely analogous to Section 42 U.S.C. § 1983 and which is not inconsistent with the Constitution and Laws of the United States.
Under New Mexico law, the most closely analogous state cause of action is provided for by the New Mexico Tort Claims Act under Section 41-4-12, N.M.S.A. 1978. The statute of limitations applicable to a cause of action under Section 41-4-12 is set forth in Section 41-4-15, N.M.S.A. 1978. Under Section 41-4-15, the action must be commenced within two years after the occurrence which results in the injury.
The original complaint failed to state a claim upon which relief could be granted. McClelland v. Facteau, 610 F.2d 693 (10th Cir.1979). The amendment to the complaint which was filed after the two-year statute of limitations had run did not relate back to the original filing since the original complaint did not state a cause of action. N.M.R.Civ.P. 15(c), N.M.S.A. 1978.
IT IS SO ORDERED.
EASLEY, C.J., and PAYNE and RIORDAN, JJ., concur.
SOSA, Senior Justice, not participating.