650 P.2d 811

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Ricky L. REYNOLDS,
Defendant-Appellant.**

No. 14054.

Supreme Court of New Mexico.

Aug. 19, 1982.

Rehearing Denied Sept. 9, 1982.

D'Angelo, McCarty & Vigil, Catherine Baker Stetson, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Defendant was convicted of first degree murder and aggravated burglary and was

sentenced to life imprisonment. The jury was instructed on first degree murder, second degree murder, and self-defense. An instruction on voluntary manslaughter was refused. Defendant appeals to this Court seeking a new trial. We reverse the trial court and remand for a new trial.

The issues presented in this appeal are: (I) whether the trial court erred in refusing to direct a verdict on the basis that the evidence was insufficient to show the requisite mens rea for aggravated burglary; (II) whether the trial court erred in refusing to direct a verdict on the basis that the evidence was insufficient to establish the requisite mens rea for murder; and (III) whether the trial court erred in refusing to give a voluntary manslaughter instruction.

Defendant tracked his wife to the Albuquerque home of the decedent after she left their Grants home abruptly with all of her belongings and their truck. The parties disagree on the circumstances in which the decedent and the defendant's wife were found. Defendant testified that he entered the decedent's unlocked house only after nobody responded to the doorbell and found his wife and decedent on the bed embracing. He claimed that he began to fire his pistol only after the decedent, a much larger man, came toward him in a threatening manner. The defendant's wife, however, testified that the defendant burst into the house, found the decedent and defendant's wife sitting on the edge of the bed, and began firing as the decedent stood and moved toward the defendant.

It is not disputed that the defendant and the decedent scuffled and that both were injured, nor is it disputed that the defendant scuffled with his wife after she ran from the house. The parties also agree that defendant reloaded his pistol, re-entered the house, and gave his wife decedent's address so that she could telephone the police. As the police arrived and the defendant's wife was comforting the decedent, defendant fired the final shot into the decedent's back as he lay on the floor. The entire incident at the decedent's house, from defendant's arrival to the last shot, lasted two to four minutes.

## I.

In determining whether the trial court properly refused to direct a verdict for the defendant on the aggravated burglary charge we must determine whether there was sufficient evidence of mens rea in the record to require submission of the question to the jury. Despite the parties' disagreement on many of the circumstances, it is clear from the record that the defendant entered decedent's house without authorization while carrying a loaded pistol. Even if the record were not so clear, the Court of Appeals stated in *State v. Castro*, 92 N.M. 585, 589, 592 P.2d 185, 189 (Ct. App.), *cert. denied*, 92 N.M. 621, 593 P.2d 62 (1979), that "burglarious intent can be reasonably and justifiably inferred from the unauthorized entry alone." We need not infer intent in this case however. The evidence in the record was sufficient to warrant submission of the issue to the jury as a question of fact, and the defendant was not entitled to a directed verdict on the charge of aggravated burglary.

## II.

In determining whether the trial court's refusal to direct a verdict on the charge of murder was proper, we again look to the standard of sufficiency of the evidence. Defendant claimed that there was insufficient evidence to establish the required mens rea for murder. However, the evidence in this case was such that a reasonable jury could find deliberation based on the evidence presented: the defendant armed himself, drove 80 miles in search of his wife, parked a distance from the house, and reloaded his pistol after emptying the chamber once. Moreover, deliberation may be inferred from all of the facts and circumstances of the killing. N.M.U.J.I.Crim. 2.00, N.M.S.A.1978 (Cum.Supp.1981). Presented with the facts and circumstances of this killing shown in the record before us, we find that the trial court properly refused to direct a verdict for the defendant on the charge of murder.

## III.

■ In determining whether the instruction on voluntary manslaughter was properly refused, we must determine whether the evidence could support a conviction for voluntary manslaughter. The evidence must be sufficient to support a conviction of voluntary manslaughter before an instruction can be given to the jury. *State v. Lujan,* 94 N.M. 232, 608 P.2d 1114 (1980). Defendant is entitled to an instruction on voluntary manslaughter if there is some evidence to support it, *State v. Manus,* 93 N.M. 95, 597 P.2d 280 (1979), and failure to do so is fatal and reversible error. *State v. Ramirez,* 89 N.M. 635, 556 P.2d 43 (Ct.App.1976).

■ To convict of voluntary manslaughter, the jury must have evidence that there was a sudden quarrel of heat of passion at the time of the commission of the crime, to show that the killing was the result of provocation sufficient to negate the presumption of malice. *Smith v. State,* 89 N.M. 770, 558 P.2d 39 (1976).

■ The U.J.I. instructions governing voluntary manslaughter define sufficient provocation as "any action, conduct or circumstances which arouse anger, rage, fear, sudden resentment, terror or other extreme emotions." N.M.U.J.I.Crim. 2.22, N.M.S.A. 1978 (Cum.Supp.1981). The provocation must be "such as would affect the ability to reason and to cause a temporary loss of self control in an ordinary person of average disposition." *Id.* The provocation must concur with the sudden anger or heat of passion, *State v. Castro, supra; State v. Nevares,* 36 N.M. 41, 7 P.2d 933, (1932). The provocation is not sufficient, however, if an ordinary person would have cooled off before acting. *See* N.M.U.J.I.Crim. 2.22, *supra.*

■ We have not attempted to determine precisely what period of time constitutes sufficient "cooling time." What constitutes sufficient cooling time depends upon the nature of the provocation and the facts of each case, *State v. Nevares, supra,* and is a question for the jury. *State v. Ulibarri,* 67 N.M. 336, 355 P.2d 275 (1960).

The defendant claimed that he was provoked by the decedent advancing toward him in a threatening manner and by his wife's attempts to comfort the decedent, and that there was not sufficient time to cool off because there was no break in the continuity of events. These are questions of fact that should have been given to the jury to apply in the context of a voluntary manslaughter instruction.

■ We are not persuaded by the State's argument that the refusal to give the voluntary manslaughter instruction was not error in light of the procedure for submission of the jury instructions. The State claimed that since the jury was instructed to consider first degree murder first, of which the defendant was found guilty, the jury would not have reached a voluntary manslaughter instruction. However, as we clearly stated in *State v. Benavidez,* 94 N.M. 706, 708, 616 P.2d 419, 421 (1980):

Even though the jury is instructed to consider first-degree murder and make a determination before moving on to any lesser offenses, the jury is also instructed on each of the crimes charged, and the elements of each, before deliberation ever begins. [Citation omitted.] * * * To argue that a finding by the jury that the defendant acted with deliberate intention precludes any possibility that they could have found sufficient provocation begs the question. The jury was simply not given the choice. We do not consider this to be harmless and non-prejudicial where the evidence would support such a choice by the jury.

To the extent that *State v. King,* 90 N.M. 377, 563 P.2d 1170 (Ct.App.1977), and *State v. Scott,* 90 N.M. 256, 561 P.2d 1349 (Ct. App.), *cert. denied,* 90 N.M. 637, 567 P.2d 486 (1977), are inconsistent with *State v. Benavidez, supra,* those cases are hereby expressly overruled. The trial court erred in refusing to instruct the jury on voluntary manslaughter.

The cause is reversed and remanded to the trial court for a new trial on the homi-

cide charge only. The aggravated burglary conviction is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.