JANICE ROVENHAGEN, Plaintiff-Appellant, v. MICHAEL WEBBER *et al.*, Defendants-Appellees.

Third District No. 3—85—0403

Opinion filed May 30, 1986.

Frank J. DiBella, Ltd., of Chicago, for appellant.

William Kurnik, of Kurnik & Cipolla, of Arlington Heights, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Janice Rovenhagen, the plaintiff, filed suit for loss of consortium against Michael Webber and Derek Calhoun, the defendants, on September 19, 1984. The plaintiff alleged in her negligence complaint that on September 19, 1979, the defendants, who were Will County deputies, seriously injured and unlawfully arrested her husband, causing him to be permanently disabled. The defendants responded with a motion to dismiss alleging that a two-year limitations period barred the plaintiff's cause of action. The plaintiff responded that a five-year limitations period applied to her claim which accrued when the husband's injuries affected the marital relationship in January of 1983. The plaintiff appeals from the order of the circuit court allowing the defendant's motion to dismiss the plaintiff's cause of action as time barred. We reverse.

The parties agree that section 13—203 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1983, ch. 110, par. 1—101 *et seq.*), applies to the plaintiff's derivative cause of action. Section 13—203 of the Code provides in pertinent part that actions for damages for loss of consortium derived from injury to another's person shall be commenced within the same time period as actions for damages for injury to the other person. (Ill. Rev. Stat. 1983, ch. 110, par. 13—203.) This court must, therefore, determine the time period applicable to the husband's civil rights cause of action against the defendants. The plaintiff suggests that the five-year limitations period set forth in section 13—205 of the Code applies, whereas the defendants argue that section 13—202 is dispositive. Ill. Rev. Stat. 1983, ch. 110, pars. 13—205, 13—202.

Section 13—202 provides that an action for personal injury shall be commenced within two years of its accrual date. (Ill. Rev. Stat. 1983, ch. 110, par. 13—202.) Section 13—205, on the other hand, provides that civil actions not otherwise provided for shall be commenced within five years of their date of accrual. Ill. Rev. Stat. 1983, ch. 110, par. 13—205.

■ We acknowledge that the plaintiff's claim for loss of consortium is derived from the husband's Federal civil rights cause of action which was filed pursuant to 42 U.S.C.A. section 1983 (1979). Since section 1983 provides no limitations period, the Federal courts borrow

and apply the appropriate State statute of limitations. *Beard v. Robinson* (7th Cir. 1977), 563 F.2d 331.

When the husband was injured and when he filed suit, the five-year residual statute of limitations applied to section 1983 claims. (*Beard v. Robinson* (7th Cir. 1977), 563 F.2d 331.) Subsequently, in *Wilson v. Garcia* (1985), 471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938, the United State Supreme Court directed each State to select the most appropriate statute of limitations for all section 1983 claims and, due to the nature of the remedy, suggested that the statute for personal injury actions provided the appropriate limitations period.

■ Based on *Wilson,* some Federal courts in Illinois have prospectively applied section 13—205 (Ill. Rev. Stat. 1983, ch. 110, par. 13—205), to section 1983 claims (*e.g., Shorters v. City of Chicago* (N.D. Ill. 1985), 617 F. Supp. 661), whereas others have retroactively applied section 13—202 (Ill. Rev. Stat. 1983, ch. 110, par. 13—202) (*e.g., Snowden v. City of Carbondale* (S.D. Ill. 1985), 613 F. Supp. 1207). This court declines to resolve the *Wilson* dilemma. Instead, we find that *Wilson* does not retroactively apply to the husband's section 1983 claim. A decision which overrules a precedent on which litigants may have relied may be applied prospectively to avoid inequity. *Board of Commissioners v. County of Du Page* (1984), 103 Ill. 2d 422, 469 N.E.2d 1370.

■ Since it is apparent that the plaintiff filed her cause of action within five years of the date that the husband's cause of action accrued, we find that the plaintiff's derivative suit was timely filed. Consequently, the trial court erred in dismissing her cause of action for loss of consortium. Having so ruled, we need not address the remaining issue the plaintiff raises as to her claim's date of accrual.

Accordingly, the judgment of the circuit court of Will County is reversed.

Reversed.

SCOTT, P.J., and BARRY, J., concur.