734 P.2d 802

**Pauline DOLEZAL, Plaintiff-Appellant,**

v.

**Roy F. BLEVINS, Defendant-Appellee.**

**No. 8514.**

Court of Appeals of New Mexico.

Feb. 24, 1987.

Randall L. Thompson, Albuquerque, for plaintiff-appellant.

W. Ken Martinez, Grants, for defendant-appellee.

**OPINION**

DONNELLY, Chief Judge.

Appellant, the former wife of appellee, appeals from an order dismissing her suit against her ex-husband for nonpayment of a debt arising out of a final decree of divorce and property settlement agreement. The pivotal issue before us is whether the statute of limitations, based upon a judgment, is tolled on a cause of action by a wife against her husband during the period of their marriage. We reverse.

The parties were initially married in 1949. On July 16, 1973, they were divorced pursuant to a decree entered by the District Court of Valencia County. Pursuant to a property settlement agreement approved in the final decree, appellee was to pay appellant the sum of $50,000 in order to equalize the distribution of property between the parties. Payments were to be made in the following manner: $5,000 was to be paid on or before August 1, 1973; $4,500 was to be paid on or before October 1, 1973; and $500 was to be paid on January 2, 1974. The remaining balance, together with interest at the rate of 4%, was to be paid by appellee in installments of $4,000 per year for ten years.

Appellee paid the first installment of $5,000 and thereafter made no other payments. On November 1, 1973, the parties were remarried. Early in 1979 the parties again separated, leading to a second divorce on December 17, 1981.

On May 18, 1984, appellant filed a complaint against her former husband seeking judgment on the unpaid indebtedness in the sum of $45,000 together with interest on the unpaid balance. On June 8, 1984, appellee filed a motion to dismiss the complaint for failure to state a claim. At the hearing on the motion, appellee asserted that appellant's complaint was unenforceable because it was barred by the statute of limitations under NMSA 1978, Section 37–1–2 (formerly NMSA 1953, Section 23–1–2), which provided for a seven-year limitation on actions founded upon judgments. Following a hearing the trial court entered an order dismissing appellant's complaint with prejudice.

**APPLICABILITY OF STATUTE OF LIMITATIONS**

Appellant contends that the trial court erred in determining that her cause

of action was barred under the provisions of Section 37-1-2 because the running of the statute was tolled during the remarriage of the parties. We agree.

Between the date of the second marriage of the parties and their divorce in December 1981, a period of over seven years elapsed. During this interval the running of the statute of limitations was tolled. In *Newton v. Wilson*, 53 N.M. 480, 484–485, 211 P.2d 776, 778 (1949), the court observed:

> It is the policy of the Law to prevent litigation between husband and wife, not to promote it as would be the case if the wife had to sue her husband to avoid limitations and laches. *Cary et al. v. Cary*, 159 Or. 578, 80 P.2d 886, 121 A.L.R. 1371, and *Bennett v. Finnegan, et al.*, 72 N.J.Eq. 155, 65 A. 239. See also Annotation in 121 A.L.R. 1384, and *Torrez et al. v. Brady, et al.*, 37 N.M. 105, 19 P.2d 183, [holding] that limitations do not run by adverse possession as between husband and wife.

Appellee argues that *Newton* is no longer controlling as precedent because under *Maestas v. Overton*, 87 N.M. 213, 531 P.2d 947 (1975), the doctrine of interspousal immunity for intentionally and negligently inflicted torts was abrogated. Appellee contends this ruling renders the rationale in *Newton* no longer applicable. We conclude that the holding in *Maestas* permitting suits between spouses based upon an injury arising in tort does not negate the expressed policy of the law to encourage the amicable resolution of disputes between marital partners instead of promoting litigation between the parties by not tolling the statute of limitations. Further, as recognized in *Newton, Primus v. Clark*, 48 N.M. 240, 149 P.2d 535 (1944), does not assist appellee because the parties there (husband and wife) were divorced for more than the applicable period of limitation.

The policy of the law adhered to in a majority of jurisdictions is to refrain from fostering domestic discord which would follow from litigation between spouses if the statute of limitations or laches were not tolled during the continuance of the marital relationship. *See, e.g., Linker v. Linker*, 28 Colo.App. 131, 470 P.2d 921 (1970);

*Cord v. Neuhoff*, 94 Nev. 21, 573 P.2d 1170 (1978). *See also* Annot., 121 A.L.R. 1382 (1939). Hence, we determine that the statute of limitations on appellant's cause of action, based upon the judgment against appellee, was tolled during the marriage of the parties.

The briefs of both appellant and appellee proceed on the basis that the applicable period of limitations under Section 37-1-2 is seven years. Appellant's suit to enforce the judgment was filed in 1984. The legislature in 1983 amended Section 37-1-2 by extending the period of limitations from seven to fourteen years. 1983 N.M.Laws, ch. 259, Section 3, of the amendatory act provided that, "Nothing in this act shall be construed to revive a judgment for which the statute of limitation has expired under prior law." The great preponderance of authority supports the general view that the legislature may validly enlarge the period of limitation and make it applicable to existing causes of action, provided that it does not revive a cause of action already barred. *See People v. United States Fire Insurance Co.*, 61 Cal.App.3d 231, 132 Cal. Rptr. 139 (1976); *In re Straight's Estate*, 329 Mich. 319, 45 N.W.2d 300 (1951); *State Tax Commission v. Spanish Fork*, 99 Utah 177, 100 P.2d 575 (1940); Annot., 79 A.L.R.2d 1080 (1961).

We determine that by virtue of the tolling of the statute of limitations during the second marriage of the parties, appellant's cause of action was not barred under Section 37-1-2 or by laches, and that suit was timely filed within both the fourteen-year period prescribed by Section 37-1-2 and the seven-year period as it existed prior to the 1983 amendment.

The order dismissing appellant's suit to enforce the judgment is reversed and the cause is remanded for trial on the merits.

IT IS SO ORDERED.

FRUMAN and APODACA, JJ., concur.