737 P.2d 544

**Reginald Lee WALKER, Plaintiff-Appellant,**

v.

**John MARUFFI, Joseph Polisar, K. Kraemer, Richard Ness, Elroy "Whitey" Hansen, and City of Albuquerque, Defendants-Appellees.**

**No. 8128.**

Court of Appeals of New Mexico.

March 19, 1987.

Certiorari Denied May 14, 1987.

John L. Walker, Albuquerque, for plain-itff-appellant.

Barbara J. Merryman, Asst. City Atty., Wayne C. Wolfe, Paul L. Civerolo, David A. Baca, Civerolo, Hansen & Wolfe, P.A., Albuquerque, for defendants-appellees.

## OPINION

MINZNER, Judge.

This tort case has been pending on our docket and ready for submission since February of 1985. In August of 1986, upon the recommendation of and with the assistance of the State Bar of New Mexico, which assistance is greatly appreciated, this court adopted an experimental plan pursuant to which cases would be assigned to advisory committees of experienced attorneys. Pursuant to our order adopting the plan, once the advisory committee rendered an opinion, that opinion would be served on the parties with an order to show cause why the opinion should not be adopted as the opinion of the court. The parties would then have the opportunity to submit response memoranda to the court.

This case was submitted to an advisory committee and the parties were so notified. That committee rendered a unanimous opinion which proposed to decide the case in favor of the plaintiff. The parties were notified of the opinion and of their right to submit response memoranda. Defendants and plaintiff filed timely response memoranda. We scheduled oral argument, and we have considered the record on appeal, the original and supplemental briefs in this case, the opinion of the advisory committee, both responses, and the contentions at oral argument. It is the decision of the court that the opinion of the advisory committee should be adopted, as modified, as follows.

**BACKGROUND.**

This case raises again the question of the statute of limitations to be applied for civil rights actions filed in the New Mexico state courts. We first state the facts, briefly review other cases in which the question has been discussed, and then state the appellate issues.

On February 20, 1984, plaintiff brought suit against the City of Albuquerque and five Albuquerque police officers in the Bernalillo County District Court, alleging various counts arising under the Civil Rights Act of 1871, codified as 42 U.S.C. Section 1983 *et seq.* (1982). The complaint alleged a number of violations of plaintiff's constitutional rights. The record is unclear as to exactly when the alleged constitutional violations ceased so as to begin the running of the proper statute of limitations. However, there appears to be no dispute between the parties that all events took place more than two years prior to the filing of

this action, and at least some events took place within three years prior to the filing of this action.

On May 18, 1984, defendants answered and moved to dismiss the complaint on the ground that the action was barred by the two-year statute of limitations provided by the New Mexico Tort Claims Act, NMSA 1978, Section 41–4–15 (Repl.1986). After a hearing, the district court granted defendants' motion to dismiss, ruling that the case was controlled by the supreme court's decision in *DeVargas v. State ex rel. New Mexico Department of Corrections*, 97 N.M. 563, 642 P.2d 166 (1982).

In *DeVargas v. State*, the supreme court quashed a writ of certiorari, stating:

> Under New Mexico law, the most closely analogous state cause of action is provided for by the New Mexico Tort Claims Act under Section 41–4–12, N.M.S.A.1978. The statute of limitations applicable to a cause of action under Section 41–4–12 is set forth in Section 41–4–15, N.M.S.A.1978. Under Section 41–4–15, the action must be commenced within two years after the occurrence which results in the injury.

*Id.* at 564, 642 P.2d at 167. After that decision, an inconsistency existed between state and federal courts as to the relevant statute of limitations.

In *Gunther v. Miller*, 498 F.Supp. 882 (D.N.M.1980), a federal district court had ruled that the general limitations periods provided by New Mexico law applied to Section 1983 claims. *See* NMSA 1978, § 37–1–4 (four years, unspecified actions); NMSA 1978, § 37–1–8 (three years, injury to person or reputation). The court expressly rejected the two-year limitations period provided in Section 41–4–15 of the New Mexico Tort Claims Act as inappropriate, reasoning that state tort claims acts are based on concepts of sovereign immunity alien to the purposes served by the Civil Rights Act. This court subsequently rejected the reasoning of the federal district court; we concluded that either the three-year limitations period in Section 37–1–8 for personal injuries or the two-year period in Section 41–4–15 of the Tort Claims Act

was a more appropriate limitations period. *See DeVargas v. State ex rel. New Mexico Department of Corrections*, 97 N.M. 447, 640 P.2d 1327 (Ct.App.1981), *cert. quashed*, 97 N.M. 563, 642 P.2d 166 (1982). Although we stated that the two-year period was the most appropriate, we declined to reach the issue because plaintiff's claims were barred under either period. In quashing its writ, the supreme court agreed with this court that the appropriate limitations period was the two-year period provided in Section 41–4–15.

Between the time plaintiff filed his complaint and the time defendants answered and moved for dismissal, the Tenth Circuit held, on appeal from a decision of the New Mexico federal district court, that selection of the statute of limitations applicable to Section 1983 claims is a matter of federal law and that the most appropriate limitations period for Section 1983 claims is the three-year period for personal injuries found in Section 37–1–8. *See Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984), *aff'd*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

Plaintiff argued to the trial court that *DeVargas v. State* did not control because the selection of the appropriate statute of limitations for Section 1983 claims is a matter of federal law. Under *Garcia v. Wilson*, he contended, the three-year statute of limitations for injury to the person or reputation of any person provided by Section 37–1–8 is the appropriate statute of limitations. Plaintiffs also argued to the trial court that in an opinion subsequent to the decision in *DeVargas v. State*, the supreme court recognized a significant distinction between claims brought under Section 1983 and those brought under the Tort Claims Act. *See generally* Kovnat, *Constitutional Torts and the New Mexico Tort Claims Act*, 13 N.M.L.Rev. 1, 45–50 (1983) (discussing *Wells v. County of Valencia*, 98 N.M. 3, 644 P.2d 517 (1982)).

As we understand plaintiff's argument at trial, it had two parts: (1) the supreme court had never addressed the issue of whether federal law controlled the characterization of Section 1983 claims; and (2) if

addressed, that issue should be resolved as the Tenth Circuit had resolved it in *Garcia v. Wilson.* The trial court ultimately rejected the argument on the ground that the relevant issues were questions of state law. The court stated in its letter decision: "Until such time that the Supreme Court of the United States rules to the contrary, the *DeVargas* case is the law in the State of New Mexico to which the trial courts are bound." The order of dismissal was entered August 22, 1984.

Plaintiff appealed, making the same argument he had made at trial, as well as a claim that the two-year statute of limitations provided by the Tort Claims Act is not consistent with the broad remedial purpose of Section 1983.

While the present appeal was pending in this court, the United States Supreme Court issued its opinion in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). On appellant's motion, this court granted the parties the right to file supplemental briefs. As a result, the appellate issues before this court became (1) the effect of *Wilson v. Garcia,* and (2) whether that case controls the timeliness of plaintiff's complaint, or rather should be given purely prospective effect.

**EFFECT OF *WILSON v. GARCIA.***

Defendants assert that we are not bound by *Wilson v. Garcia* because *DeVargas v. State* was not expressly or impliedly overruled. They contend that in this case the supremacy clause of the United States Constitution does not apply. *See* U.S. Const. art. VI, clause 2. They also urge that even if under the supremacy clause *Wilson v. Garcia* might otherwise apply, we are constrained under the principles enunciated in *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973) and *State v. Manzanares,* 100 N.M. 621, 674 P.2d 511 (1983) to apply the two-year limitations period approved in *DeVargas v. State.* We address these contentions separately.

First, *Wilson v. Garcia* holds that the choice of the applicable state statute of limitations in a Section 1983 case is a matter of federal, not state, law. We are bound by decisions of the United States

Supreme Court affecting federal law. *Bourguet v. Atchison, Topeka & Santa Fe R.R.,* 65 N.M. 200, 334 P.2d 1107 (1958).

The Supreme Court of the United States has appellate jurisdiction over federal questions arising either in state or federal proceedings, and by reason of the supremacy clause the decisions of that court on national law have binding effect on all lower courts whether state or federal.

*United States ex rel. Lawrence v. Woods,* 432 F.2d 1072, 1075–76 (7th Cir.1970), *cert. denied,* 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148 (1971).

The Civil Rights Act of 1871 does not contain a statute of limitations. 42 U.S.C. Section 1988 provides, in pertinent part:

The jurisdiction in civil and criminal matters conferred on the district courts ... for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect....

However, the United States Supreme Court has stated that the federal courts are to apply the state statute of limitations governing the cause of action provided by state law which is most closely analogous to 42 U.S.C. Section 1983 and which is not inconsistent with the constitution and laws of the United States. *Board of Regents of the University of the State of New York v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

The Supreme Court, in *Wilson v. Garcia,* was guided by the principles set forth in *Burnett v. Grattan,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). In that case, the Court set forth a three-step process in determining, pursuant to Section 1988, the proper rules of decision applicable to civil rights claims:

First, courts are to look to the laws of the United States "so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect." If no suitable federal rule exists, courts

undertake the second step by considering application of state "common law, as modified and changed by the constitution and statutes" of the forum State. A third step asserts the predominance of the federal interest: courts are to apply state law only if it is not "inconsistent with the Constitution and laws of the United States."

*Id.* at 47–48, 104 S.Ct. at 2928 (citations omitted) (*quoted in Wilson v. Garcia,* 471 U.S. at 267, 105 S.Ct. at 1942).

Because no "suitable" federal statute of limitations exists for Section 1983 claims, the Court determined, in *Wilson v. Garcia,* that the case "principally involve[d] the second step in the process: the selection of 'the most appropriate,' or 'the most analogous' state statute of limitations to apply." 471 U.S. at 268, 105 S.Ct. at 1943. Writing for the Court, Justice Stevens concluded that the selection of the appropriate state statute of limitations was a question of federal rather than state law. He explained:

> Our identification of the correct source of law properly begins with the text of § 1988. Congress' first instruction in the statute is that the law to be applied in adjudicating civil rights claims shall be in "conformity with the laws of the United States, so far as such laws are suitable." This mandate implies that resort to state law—the second step in the process—should not be undertaken before principles of federal law are exhausted. The characterization of § 1983 for statute of limitations purposes is derived from the elements of the cause of action, and Congress' purpose in providing it. These, of course, are matters of federal law. *Since federal law is available to decide the question, the language of § 1988 directs that the matter of characterization should be treated as a federal question.* Only the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law.
>
> This interpretation is also supported by Congress' third instruction in § 1988: state law shall only apply "so far as the same is not inconsistent with" federal law. This requirement emphasizes "the predominance of the federal interest" in the borrowing process, taken as a whole. [Footnotes and citation omitted.]

471 U.S. at 168–269, 105 S.Ct. at 1943. (Emphasis added.)

The Court went on to explain why a single characterization rule was necessary. The Court said:

> When § 1983 was enacted, it is unlikely that Congress actually foresaw the wide diversity of claims that the new remedy would ultimately embrace. The simplicity of the admonition in § 1988 is consistent with the assumption that Congress intended the identification of the appropriate statute of limitations to be an uncomplicated task for judges, lawyers, and litigants, rather than a source of uncertainty, and unproductive and ever increasing litigation. Moreover, the legislative purpose to create an effective remedy for the enforcement of federal civil rights is obstructed by uncertainty in the applicable statute of limitations, for scarce resources must be dissipated by useless litigation on collateral matters.
>
> Although the need for national uniformity "has not been held to warrant the displacement of state statutes of limitations for civil rights actions," *Board of Regents v. Tomanio,* 446 U.S., at 489 [100 S.Ct., at 1797], uniformity within each State is entirely consistent with the borrowing principle contained in § 1988. We conclude that the statute is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims. The federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored this simple approach. [Footnotes omitted.]

471 U.S. at 275, 105 S.Ct. at 1946–47.

For these reasons, *Wilson v. Garcia* characterizes "all § 1983 actions as involving claims for personal injuries" to minimize "the risk that the choice of a state statute of limitations would not fairly serve

the federal interests vindicated by § 1983." 471 U.S. at 279, 105 S.Ct. at 1949. The Court concluded that any choice of a statute of limitations which discriminates between plaintiffs, based upon their choice of forum or the public or private status of the defendants, does not serve the federal interests vindicated by Section 1983.

For New Mexico, the Court identified Section 37–1–8 as the relevant limitations statute. This choice was designed to best insure that "the borrowed period of limitations not discriminate against the federal civil rights remedy." 471 U.S. at 276, 105 S.Ct. at 1947. The Court specifically rejected the Tort Claims Act statute of limitations applicable for wrongs committed by public officials. *See* § 41–4–15. The Court stated that "[i]t was the very ineffectiveness of state remedies that led Congress to enact the Civil Rights Acts in the first place." 471 U.S. at 279, 105 S.Ct. at 1949.

■ The fact that the United States Supreme Court did not expressly overrule *DeVargas v. State* is irrelevant. Every state court that has examined *Wilson v. Garcia* has concluded, as we do, that *Wilson v. Garcia* is controlling in the state courts. *Henderson v. State,* 110 Idaho 308, 311, 715 P.2d 978, 981, *cert. denied,* — U.S. ——, 106 S.Ct. 3282, 91 L.Ed.2d 571 (1986) ("In view of the holding in *Wilson,* 42 U.S.C. § 1983 actions in Idaho must now meet the two-year Idaho statute of limitations for personal injury actions"); *Fuchilla v. Layman,* 210 N.J.Super. 574, 583, 510 A.2d 281, 286 (1986) ("In *Wilson v. Garcia* ... the Court made clear that in interpreting a § 1983 claim a state tort claims act period of limitations is inappropriate and the state's general statute of limitations governing personal injury actions should be applied"); *Frisby v. Bd. of Educ. of Boyle County,* 707 S.W.2d 359, 361 (Ky.Ct.App. 1986) ("... the United States Supreme Court determined that a state's personal injury statute of limitation governs § 1983 actions ..."); *cf. Rovenhagen v. Webber,* 143 Ill.App.3d 954, 956, 97 Ill.Dec. 927, 928, 493 N.E.2d 734, 735 (1986) ("... the United States Supreme Court directed each state to select the most appropriate statute of limitations for all Section 1983 claims and, due to the nature of the remedy, suggested that the statute for personal injury actions provided the appropriate limitations period").

Defendants misconstrue *Wilson v. Garcia* as dealing only with a question of state law. The state law questions are the "length of the [statute of] limitations period [for personal injury actions], and closely related questions of tolling and application." 471 U.S. at 269, 105 S.Ct. at 1943. Thus, while a state legislature may choose to shorten or lengthen the limitations period for personal injury claims, and thereby shorten or lengthen the limitations period applicable to Section 1983 claims, it must do so uniformly so as not to discriminate against civil rights claims. New Mexico must follow the United States Supreme Court's characterization rule, and under that rule, at the present time, the statute of limitations for personal injuries is applicable to all Section 1983 claims as a matter of federal law.

Second, we believe we are not constrained by the New Mexico Supreme Court decision in *DeVargas v. State.* We note that the New Mexico Supreme Court quashed its writ of certiorari in a ruling called a "decision." "Decisions" ordinarily are not to be published. *See* SCRA 1986, Rule 12–405. *Cf. Champlin Petroleum Co. v. Lyman,* 103 N.M. 407, 708 P.2d 319 (1985) (court of appeals certified question of continued viability of prior published opinion in light of later United States Supreme Court decision interpreting prior opinion as inconsistent with federal law).

Furthermore, neither this court nor the New Mexico Supreme Court was presented with the issue of which statute of limitations is applicable as a matter of federal law. In *Alexander v. Delgado,* this court was criticized for abolishing a defense to a negligence action which had been presented to the New Mexico Supreme Court and rejected. Therefore, we were precluded from erasing the previously-established precedent. *State v. Manzanares* is likewise inapposite. Although there we attempted to overrule an established prece-

dent as a result of an intervening opinion of the United States Supreme Court, the issues raised presented matters of federal constitutional law previously acknowledged and addressed as such by the New Mexico Supreme Court.

*DeVargas v. State* presented the question of which state statute of limitations applied as a matter of state law; the parties assumed that the second step in the process of determining the relevant rule was a matter of state law. Neither in that case nor in any other opinion has the New Mexico Supreme Court addressed the question of whether federal or state law controlled the characterization of a Section 1983 claim for statute of limitations purposes. Because *Wilson v. Garcia* resolves a question never presented to the supreme court, the supreme court decision in *DeVargas v. State* is not the controlling precedent.

In an appropriate case, this court may consider whether the New Mexico Supreme Court precedent is applicable. *See State v. Scott,* 90 N.M. 256, 561 P.2d 1349 (Ct.App. 1977), *overruled on other grounds sub nom. State v. Reynolds,* 98 N.M. 527, 650 P.2d 811 (1982). On these facts, for these reasons, we conclude that *Wilson v. Garcia* controls.

## PROSPECTIVE APPLICATION.

■ We next turn to defendants' assertion that *Wilson v. Garcia* should not be applied to the facts of this case but rather should be applied prospectively. To determine whether a new case should be given only prospective effect, the following factors articulated in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) are generally applicable:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, [citation omitted], or by deciding an issue of first impression whose resolution was not clearly foreshadowed, [citation omitted]. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by look-

ing to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." [Citations omitted.]

*Whenry v. Whenry,* 98 N.M. 737, 739, 652 P.2d 1188, 1190 (1982) (quoting *Chevron Oil Co. v. Huson*). In applying this analysis, we conclude that neither the first factor nor the second prohibits retrospective application. The critical factor is the third: whether a substantially inequitable result will occur if the rule is applied retrospectively. We think it will not.

Although *Wilson v. Garcia* established a uniform statute of limitations for Section 1983 claims in New Mexico, and this result was not foreshadowed by prior Supreme Court precedent, *see Smith v. City of Pittsburgh,* 764 F.2d 188 (3rd Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985), these facts are not determinative as to the first factor. *Id.* Given the inconsistency between federal and state courts, defendant could not justifiably have relied on a two-year limitations period to have barred liability.

If defendants were to have relied on any statute of limitations to set this case in repose, given the state of the law, it would more probably have been the four-year period rather than the two-year period. *See generally DeVargas v. Montoya,* 796 F.2d 1245 (10th Cir.1986) (discussing federal district court precedent in New Mexico prior to *Wilson v. Garcia*). *See also* Davis, *What New Mexico Statute of Limitations Applies in Federal Civil Rights Actions?,* XII The New Mexico Trial Lawyer 37, 47 (April 1984) (indicating that the federal district court had filed its opinion in *Garcia v. Wilson* applying the four-year statute of limitations on July 29, 1982, and had followed its decision consistently).

In their response to the advisory committee opinion, defendants contend that the opinion ignores *Jackson v. City of Bloomfield,* 731 F.2d 652 (10th Cir.1984) (holding that *Garcia v. Wilson* was to be applied prospectively). However, at least one court has expressed the view that *Jackson v. City of Bloomfield* is not applicable after *Wilson v. Garcia. See Fowler v. City of Louisville,* 625 F.Supp. 181 (W.D.Ky. 1985). *Cf. Young v. Biggers,* 630 F.Supp. 590 (N.D.Miss.1986) (distinguishing *Jackson v. City of Bloomfield* because plaintiffs justifiably could have relied on the Tenth Circuit's own precedent to delay filing their employment discrimination suit). This question is one on which the federal courts are divided. *See* cases collected in *Chris N. v. Burnsville, Minnesota,* 634 F.Supp. 1402, 1403, n. 1 (D.Minn.1986). At least one circuit has held that *Wilson v. Garcia* is to be applied prospectively when prospectivity serves to lengthen the statute of limitations and retrospectively when retrospectivity serves to lengthen the statute. *See Gibson v. United States,* 781 F.2d 1334 (9th Cir.1986). The Tenth Circuit has expressly reserved the question of whether *Wilson v. Garcia* will be applied retrospectively if that would serve to lengthen the statute. *Corbitt v. Andersen,* 778 F.2d 1471 (10th Cir.1985).

Defendants also contend that we should not apply *Wilson v. Garcia* because it serves to revive a claim that was barred when plaintiff filed his complaint. We do not think the principle is applicable. *See Dolezal v. Blevins,* 105 N.M. 562, 734 P.2d 802 (App.1987). The claim was not barred under the rule followed in federal court.

In short, we are not persuaded that pure prospectivity is appropriate. *Cf. Hicks v. State,* 88 N.M. 588, 544 P.2d 1153 (1975) (decision abolishing sovereign immunity applied purely prospectively). Plaintiff pursued his claim in state court, raising the very issue that was resolved in his favor by the United States Supreme Court. Because his case was pending on appeal when *Wilson v. Garcia* was decided on April 17, 1985, and the issue of the applicable statute of limitations was properly preserved, defendant is entitled to the benefit of the Supreme Court decision. *Cf. Whenry v. Whenry.*

Accordingly, we hold that the statute of limitations to be applied in this case is the three-year period of Section 37–1–8. We therefore reverse the trial court and remand this case for further proceedings consistent with this opinion.

IT IS SO ORDERED.

This court acknowledges the aid of Attorneys Raymond W. Schowers, James Branch, and J.J. Monroe in the preparation of this opinion. These attorneys constituted an advisory committee selected by the Chief Judge of this court, and this court expresses its gratitude to these attorneys for volunteering for this experimental plan and for the quality of work submitted.

ALARID, J., concurs.

DONNELLY, C.J., concurs in part and dissents in part.

DONNELLY, Chief Judge (concurring in part and dissenting in part).

I respectfully dissent from the majority decision which construes the ruling in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) to have retroactive application in the present case.

I concur with that portion of the majority opinion that determines that under the United States Supreme Court decision in *Wilson,* the applicable New Mexico statute of limitations governing actions grounded upon alleged violations of civil rights under 42 U.S.C. Section 1983, et seq. (1982), is three years. *See* NMSA 1978, § 37–1–4. My disagreement with the majority opinion concerns the issue of whether the ruling in *Wilson* should be applied retroactively.

In *DeVargas v. State,* 97 N.M. 563, 642 P.2d 166 (1982), the New Mexico Supreme Court held that the two-year statute of limitations under the State Tort Claims Act was the controlling statute of limitations. *Wilson* overturned the rationale for *DeVargas* stating that the federal courts would determine the appropriate state statute of limitations applicable to actions for abridgment of civil rights and held that,

"the appropriate statute of limitations for § 1983 actions brought in New Mexico was the 3–year statute applicable to personal injury actions." 471 U.S. at 265, 105 S.Ct. at 1941. The United States Supreme Court decision in *Wilson*, however, did not address the issue of retroactivity.

The complaint in the instant case was filed on February 20, 1984, pleading that the alleged wrongful acts of the defendants occurred in 1981. Thus, at the time plaintiff's complaint was filed in this case, *DeVargas* was the controlling law because *Wilson* was decided on April 17, 1985.

In *Jackson v. City of Bloomfield*, 731 F.2d 652 (10th Cir.1984), the Tenth Circuit Court of Appeals considered an issue similar to that presented herein, and held that under the facts therein, *Garcia v. Wilson* was to be applied prospectively. I would follow that precedent in this case. In the present case, the trial court relied upon *DeVargas* in ruling upon the motion to dismiss. Because *DeVargas* was the controlling authority at the time plaintiff filed the action herein, *Wilson* should not be accorded retroactive application, thus, retroactively modifying *DeVargas* so as to apply to the facts of the case before us. *Cf. State v. Manzanares*, 100 N.M. 621, 674 P.2d 511 (1984).

I would not apply the ruling in *Wilson* retroactively.