**Archie RIPLEY, Plaintiff,**

v.

**Jack CHILDRESS, Sheriff of Eddy County, New Mexico; Eddy County, New Mexico; Pat Childress; and Tony Dominguez, Defendants.**

**Cv. No. 87–1469 JP.**

United States District Court, D. New Mexico.

Aug. 26, 1988.

K. Douglas Perrin, Shamas & Perrin, Roswell, N.M., for plaintiff.

Atwood, Malone, Mann & Turner, P.A., Steven L. Bell, Roswell, N.M., for defendants.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

The question presented here is whether a proposed amended complaint may, under Fed.R.Civ.P. 15(c), relate back to an original complaint which fails to state a claim upon which relief may be granted. I believe the answer should be "yes."

Defendants filed a Fed.R.Civ.P. 12(h)(2) motion for judgment on the pleadings on the ground that plaintiff failed to allege deprivation of a right guaranteed by the Constitution of the United States. Plaintiff responded by filing his Motion to Amend Complaint. Having considered the motions and memoranda submitted by the parties, having heard the arguments of counsel and having consulted the applicable authorities, I conclude that plaintiff's Motion to Amend Complaint should be granted and, therefore, Defendants' Motion for Judgment on the Pleadings should be denied as moot.

This is a civil rights action based on 42 U.S.C. Section 1983 arising out of plaintiff Ripley's arrest on a charge of arson and ultimate acquittal of that charge by a jury. Plaintiff alleged that the defendants negli-

gently or in bad faith violated his civil rights by failing to conduct a proper law enforcement investigation which resulted in plaintiff's wrongful arrest. Defendants argue that in his original complaint, plaintiff failed to identify a specific constitutional right violated by the defendants' actions because the United States Constitution does not guarantee an investigation free from error. Defendants note that plaintiff failed to allege that the arrest was made without probable cause and contend that absent such an allegation, the complaint fails to state a claim for any constitutional violation cognizable under 42 U.S.C. Section 1983. Defendants also assert that allegations of negligence cannot support a claim for deprivation of constitutional rights under 42 U.S.C. Section 1983.

In his Response to Motion for Judgment on the Pleadings, plaintiff requested leave of the court to amend his complaint to correct "technical" deficiencies in the pleadings and to allege that the specific constitutional violation at issue is a denial of due process of law. Defendants replied that such an amended complaint would be barred because the statute of limitations had run[1] and an amended complaint cannot relate back to one that failed in the first instance to state a claim.[2]

Plaintiff's original complaint set forth numerous factual allegations concerning plaintiff's arrest. However, even accepting the factual allegations as true and construing them in the light most favorable to the plaintiff, *Lessman v. McCormick*, 591 F.2d 605, 607 (10th Cir.1979); *Franklin v. Meredith*, 386 F.2d 958, 959 (10th Cir.1967), it is questionable whether plaintiff stated a claim for deprivation of constitutional rights cognizable under 42 U.S.C. Section 1983.[3] For purposes of this Opinion I do not decide whether plaintiff's complaint stated a legally cognizable claim; I assume it did not. The issue before the court, then, is whether plaintiff may amend his complaint after the statute of limitations had run in order to correct his allegations of a civil rights violation. This requires a determination of whether, under Fed.R.Civ. P. 15(c), plaintiff's proposed amended complaint relates back to the original complaint.

After carefully reviewing the allegations of the original complaint and of the proposed amended complaint, I am persuaded that the proposed amended complaint relates back to the original complaint and should be permitted. The original complaint alleged sufficient facts to put defendants on notice of the conduct which plaintiff claims violated his civil rights.

1. Plaintiff alleged that he was arrested on November 28, 1984. Assuming that this is the correct date of plaintiff's arrest, the limitations period expired on November 28, 1987. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Plaintiff filed his complaint on November 25, 1987, and his Motion to Amend Complaint on March 9, 1988.

2. Defendants rely on New Mexico law for the proposition that an amended complaint cannot relate back to a nullity. In *DeVargas v. State of New Mexico*, 97 N.M. 563, 642 P.2d 166 (1982), the New Mexico Supreme Court held that an amendment to a complaint could not relate back to the original complaint because the original complaint failed to state a claim. *See also, Chavez v. Regents of University of New Mexico*, 103 N.M. 606, 610, 711 P.2d 833, 837 (1985) (reiterating and distinguishing the ruling in *DeVargas*). However, the issue of relation back of pleadings in a 42 U.S.C. Section 1983 action is purely a question of federal procedure which is governed exclusively by federal law. Fed.R.Civ. P. 1.

3. In his original complaint, plaintiff alleged that defendants negligently failed to conduct a proper law enforcement investigation. Negligence is not sufficient to state a claim for deprivation of due process under 42 U.S.C. Section 1983. *Daniels v. Williamson*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). However, plaintiff also alleged that the wrongful acts were done "in bad faith" which connotes a deliberate state of mind. Additionally, although the Constitution does not guarantee plaintiff an investigation free from error, *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), misuse of legal procedure can be sufficiently egregious so as to deprive plaintiff of due process of law. *Anthony v. Baker*, 767 F.2d 657, 663 (10th Cir.1985). However, plaintiff also failed to allege that his arrest lacked probable cause. This may be a fatal flaw. *Appletree v. City of Hartford*, 555 F.Supp. 224 (D.Conn.1983); *see also, Baker v. McCollan*, 443 U.S. at 145–46, 99 S.Ct. at 2694–96 (no entitlement to relief where arrest was not lacking in probable cause).

Those allegations also form the factual basis for the proposed amended complaint, and defendants concede that the proposed amended complaint does state a claim. (Defendants' Response to Plaintiff's Motion to Amend Complaint, page 1.)

■ Fed.R.Civ.P. 15(a) provides that leave to amend shall be freely given when justice so requires. The decision whether to permit amendment of a complaint is within the court's discretion, *Zenith Radio Corporation v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Pullman v. Chorney,* 712 F.2d 447 (10th Cir.1983), and "[t]he court should grant leave to amend freely, 'if it appears at all possible that the plaintiff can correct the defect.'" *Triplett v. LeFlore County, Oklahoma,* 712 F.2d 444, 447 (10th Cir. 1983) (quoting 3 Moore's Federal Practice, ¶ 15.10 & n. 2 (1983)). Absent an apparent reason to refuse leave to amend such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies through amendment, prejudice to opposing party or futility of amending, leave should be freely given. *Id.; Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ Fed.R.Civ.P. 15(c) provides that when a claim or defense asserted in an amended pleading arises out of the "conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The purpose underlying Rule 15(c) is to ameliorate the effects of statutes of limitations once a claim is filed based on particular conduct. *Santana v. Holiday Inns, Inc.,* 686 F.2d 736, 738 (9th Cir.1982). The test for determining whether the amendment should relate back is whether the original complaint sufficiently put the defendants on notice regarding the claim raised in the amended pleading. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 150–51, n. 3, 104 S.Ct. 1723, 1725 n. 3, 80 L.Ed.2d 196 (1983); *Fuller v. Marx,* 724 F.2d 717 (8th Cir.1984) (additional claim did not relate back because defendant had not been put on notice); *S.E.C. v. Seaboard Corp.,* 677 F.2d 1301 (9th Cir.1982). Once

a claim has been asserted within the limitation period, the purpose of the statute of limitations has been realized: giving timely notice that litigation arises from a particular transaction or occurrence. *American Telephone & Telegraph Co. v. Delta Communications Corp.,* 114 F.R.D. 606 (S.D. Miss.1986). Thus, the relation-back doctrine should be liberally applied to allow resolution of cases on their merits. *Clipper Exxpress v. Rocky Mountain Tariff Bureau, Inc.,* 690 F.2d 1240, 1259–60 (9th Cir.1982), *cert. denied,* 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983).

The Court of Appeals for the Tenth Circuit has not addressed the precise issue raised in this case. However, the Tenth Circuit has decided several relation-back cases which provide some guidance by analogy, even though the original complaints in those cases apparently stated valid claims, unlike the original complaint in this case. The court has held, for example, that if the notice requirement is met, an amended complaint may relate back when the new allegations raise additional claims, *Patton v. Guyer,* 443 F.2d 79 (10th Cir. 1971); *North Drive–In Theatre Corp. v. Park–In Theatres, Inc.,* 248 F.2d 232 (10th Cir.1957), even if the new claims arise under a different statute. *Denver & Rio Grande W.R. Co. v. Clint,* 235 F.2d 445 (10th Cir.1956). An amendment which changes the legal theory on which an action was brought will also relate back if the factual situation out of which the action arises remains the same and has been brought to the defendant's attention through the original pleading. *Southern Colorado Prestress Co. v. Occupational Safety and Health Review,* 586 F.2d 1342 (10th Cir.1978).

■ In this case, there is no problem of notice to defendants which would prevent relation back of the proposed amended complaint. In paragraph 7 of his original complaint, plaintiff alleged that defendants wrongfully violated his civil rights by (A) failing to conduct a proper investigation according to accepted law enforcement standards and standards of fire investigation; (B) failing to interview witnesses who

substantiated plaintiff's version of his activities; (C) failing to consider facts which would have exculpated plaintiff; (D) intending to charge plaintiff with a crime from the beginning of the investigation; and (E) as to defendants Eddy County and Jack Childress, Sheriff, failing to adequately train officers in proper investigative procedures.

Plaintiff's proposed amended complaint merely seeks to clarify the basis for his allegation of wrongful arrest giving rise to a civil rights violation. Plaintiff requests leave to amend his complaint to:

(1) state that his arrest occurred pursuant to a warrant obtained on the basis of defendants' actions (Proposed Amended Complaint at ¶ 3);

(2) specifically allege that the constitutional right at issue is a denial of due process (Proposed Amended Complaint at ¶ 5);

(3) allege that the wrongful actions were undertaken maliciously (Proposed Amended Complaint at ¶ 7); and

(4) allege certain additional facts in paragraph 7 concerning the wrongful conduct of which he complained. Those additional facts include:

(a) the intentional causing of plaintiff's arrest without reasonable grounds or probable cause (Proposed Amended Complaint at ¶ 7A);

(b) the preparation of groundless reports and affidavits to obtain an arrest warrant against plaintiff (Proposed Amended Complaint at ¶ 7F); and

(c) the procurement of groundless charges against plaintiff based on false, distorted or fabricated evidence (Proposed Amended Complaint at ¶ 7G).

With the exception of the allegations contained in paragraph 7G, discussed below, defendants concede that the proposed amended complaint arises out of the same conduct and occurrences that were described in the original complaint. (Defendants' Response to Plaintiff's Motion to Amend Complaint, page 2). Moreover, since defendants concede that the proposed amended complaint is legally sufficient, there is no futility in permitting the amended complaint. No prejudice to defendants arises by permitting the amended complaint because defendants were apprised of the basic factual claim by the allegations in the original complaint.

The liberal purpose underlying Rule 15(c) is best protected by allowing an amended complaint in circumstances where defendants have been timely put on notice of the basis of a claim against them. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The language of Rule 15(c) does not suggest or imply a requirement that the original complaint set forth a non-defective claim. Rule 15(c) merely requires that the amended pleading arise out of the same "conduct, transaction or occurrence set forth *or attempted to be set forth* in the original pleading" (emphasis added).[4]

A fairly recent case outside the Tenth Circuit, although not precisely on point, strongly supports my conclusion. In *Nielsen v. Flower Hospital,* 639 F.Supp. 738, 743–4 (S.D.N.Y.1986), the court held that a printed form complaint filed by a pro se litigant in a Title VII action was adequate to meet the 90–day filing requirement of 42 U.S.C. Section 2000e–5(f)(1) although its conclusory allegations probably were insufficient to state a claim, and a subsequent amended complaint could properly relate

---

**4.** For example, courts have permitted an untimely amended complaint asserting proper subject matter jurisdiction to relate back to a timely original complaint if the original complaint set forth sufficient facts from which the court's jurisdiction could be established. *Ashland v. Ling–Temco–Vought, Inc.,* 711 F.2d 1431, 1436 (9th Cir.1983); *Goss v. Revlon,* 548 F.2d 405, 407 (2d Cir.1976) (change of jurisdictional basis under Rule 15(c) from Title VII to 42 U.S.C. 1981). Additionally, in *MacGowan v. Barber,* 127 F.2d 458, 459–60 (2d Cir.1942), an amended complaint cured a defective allegation of personal jurisdiction.

back to the deficient original complaint.[5] The court rejected the argument that since the original complaint failed to state a claim, there was nothing to which the proposed amended complaint could relate back. *Id.* The court permitted the amended complaint, and reasoned that pro se complaints should be held to less stringent standards than pleadings drafted by lawyers and should not be dismissed for failure to state a claim unless it appeared beyond doubt that the pro se litigant could prove no set of facts entitling him to relief. *Id.* at 744 (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (*per curiam*) and *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

The opinion of the Supreme Court in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (*per curiam*), arguably could apply to this case.[6] However, the notice provided to defendants by plaintiff Ripley's factual allegations in his original complaint places this case in a posture distinct from that presented by the facts in *Baldwin.* In *Baldwin,* the plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging discriminatory treatment by her employer. The EEOC issued her a "right-to-sue" letter which stated that if plaintiff chose to commence a civil action, that lawsuit must be filed within ninety days. Plaintiff mailed her right-to-sue letter to the district court within ninety days. The Court held that the mere filing of a "right-to-sue" letter did not constitute a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed.R.Civ.P. 8(a)(2). *Id.* at 149–50, 104 S.Ct. at 1724–25. Even though the letter was filed within the ninety-day statutory period, the letter alone was not sufficient to commence an action within the meaning of Fed.R.Civ.P. 3. *Id.* Therefore, an "amended complaint" filed after the 90–day

period had nothing to which it could relate back and confer jurisdiction on the court. *Id.* The Court also noted that Rule 15(c) was inapplicable to the situation because Rule 15(c) anticipates a defendant having fair notice of litigation concerning a particular occurrence. *Id.* at n. 3. The Court reasoned that "[b]ecause the initial 'pleading' ("right-to-sue" letter) did not contain such notice, it was not an original pleading that could be rehabilitated by invoking Rule 15(c)." *Id.*

As acknowledged by respected commentators on the subject, the *Baldwin* opinion could be read most broadly to stand for the proposition that if an original complaint is defective because it fails to state a claim, then an amendment seeking to cure the defects should not be allowed to relate back. 6 Wright & Miller Section 1497 at 252 (1987 Supp.) However, Professors Wright and Miller persuasively argue that this would seem to be an improper interpretation of *Baldwin* "since one of the functions of Rule 15 is to allow amendments to expand or cure defective pleadings." *Id.* The highly regarded professors contend that the *Baldwin* decision should be limited to its facts and the resultant conclusion that filing the right-to-sue letter was not the equivalent of filing a complaint. *Id.; Accord, Nielsen v. Flower Hospital,* 639 F.Supp. 738, 743–4 (S.D.N.Y.1986) (*Baldwin* decision limited to its facts; distinguishable because *Nielsen* complaint, although deficient, provided notice to defendant of the factual basis of the claim against it).

The present case also differs significantly from *Omnibus Financial Corp. v. United States,* 566 F.2d 1097, 1102–03 (9th Cir. 1977), in which the Ninth Circuit Court of Appeals affirmed the district court's decision that an amended complaint did not relate back to a timely filed original complaint which failed to state a claim. In

---

**5.** In reaching the conclusion that Rule 15(c) should be construed liberally to permit relation back of the amended complaint, the court in *Nielsen* emphasized two factors: (1) plaintiff filed his complaint pro se; and (2) the claim was one of unlawful racial discrimination un-

der Title VII. In these respects the situation in *Nielsen* differs from that in the instant case.

**6.** Neither plaintiff nor defendants mentioned either *Nielsen* or *Baldwin* in their briefs.

*Omnibus,* however, plaintiffs voluntarily withdrew their original complaint, conceding that it failed to state a claim, several weeks before filing their motion to amend. The Court of Appeals held that in light of those circumstances, any amended complaint would not relate back to the previously withdrawn original complaint and would be time-barred. *Id.*

This case presents a situation where no complicating factors such as those in *Omnibus* are present. The proposed amended complaint does not change the factual allegations against the defendants in any substantial manner. With the possible exception of paragraph 7G, plaintiff's proposed amended complaint contains no allegations of new or different conduct or incidents.

In the Response to Plaintiff's Motion to Amend Complaint, defendants question whether plaintiff intends to allege in paragraph 7G that they falsified, fabricated or distorted evidence. If so, defendants contend, and I agree, that such allegations would not relate back to the original complaint. It is unclear whether plaintiff is alleging in paragraph 7G of the proposed amended complaint that the defendants actually falsified, fabricated or distorted evidence or merely used evidence that had been falsified, fabricated or distorted by others.[7] Use of evidence that was falsified, fabricated or distorted by others might reflect a failure by defendants properly to perform their duties, conduct of the nature previously alleged. This is qualitatively different from falsification, fabrication or distortion of the evidence by defendants, affirmative conduct on their part which was not alleged previously. Defendants were not given timely notice of a claim based on such conduct. Plaintiff should be permitted to file his proposed amended complaint with a revised paragraph 7G which does not allege that the defendants themselves falsified, fabricated or distorted evidence.

Since defendants' Motion for Judgment on the Pleadings is premised on the argument that plaintiff's original complaint failed to state a claim upon which relief can be granted, it is rendered moot by my ruling in this Memorandum Opinion and Order that plaintiff may file his amended complaint.

Now, Therefore,

IT IS BY THE COURT ORDERED that plaintiff's Motion to Amend Complaint is granted, provided that plaintiff revises paragraph 7G of his proposed amended complaint in accordance with this Memorandum Opinion and Order; and

IT IS FURTHER ORDERED that defendants' Motion for Judgment on the Pleadings is denied as moot.

---

7. Plaintiff's Reply to Defendants' Response to Motion to Amend Complaint does not clarify the nature of plaintiff's allegations under paragraph 7G. Plaintiff states that the allegation merely is that defendants "presented the distorted and fabricated evidence." (Reply to Defendants' Response to Motion to Amend, page 1). However, in the next paragraph of his Reply, plaintiff indicates that defendants themselves may have distorted evidence arising out of the investigation. (Reply to Defendants' Response to Motion to Amend, page 1).