This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. A-1-CA-36550**

**FRANK A. NELSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant has appealed following his convictions for residential burglary, criminal damage to property, and larceny. We issued a notice of proposed summary

disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}      We previously set forth the relevant background information and principles of law in the notice of proposed summary disposition. We will not reiterate at length here. Instead, we will focus on the content of the memorandum in opposition.

{3}      Defendant continues to argue that his conviction for residential burglary should be reversed because the evidence was insufficient to prove his guilt beyond a reasonable doubt. [MIO 6] Specifically, Defendant argues that the State failed to prove that the first time he entered the residence he intended to commit a theft inside. [MIO 6-9] Counsel asserts that Defendant merely entered in order to escape the cold. [MIO 2-3, 5, 7] However, a reasonable jury could have concluded that the State's evidence supplied adequate indirect evidence of initial entry with the requisite specific intent. *See State v. Reynolds*, 1982-NMSC-091, ¶ 5, 98 N.M. 527, 650 P.2d 811 (observing that "burglarious intent can be reasonably and justifiably inferred from the unauthorized entry alone" (internal quotation marks and citation omitted)); *see generally State v. Coffin,* 1999-NMSC-038, ¶ 77, 128 N.M. 192, 991 P.2d 477 (stating that a jury is free to draw its own inferences based on the evidence); *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (stating that a jury is free to reject a defendant's version of the facts).

**{4}** Moreover, even if we were to assume that the evidence was insufficient to establish that Defendant had formed the specific intent to commit a theft inside the residence when he first entered, the evidence associated with his subsequent re-entry, in the course of which he broke a lock and took various items from within the residence before being discovered, amply supports the conviction. *See, e.g.*, *State v. Barragan*, 2001-NMCA-086, ¶¶ 27, 31, 131 N.M. 281, 34 P.3d 1157 (observing that the burglary statute applies with respect to separately secured areas of buildings otherwise open to the public, and upholding a conviction for burglary where an office space was forcibly entered, items were stacked near the door in apparent preparation for asportation, the defendant was near the scene, and he was found to be in possession of numerous items taken from the office, *inter alia*), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

**{5}** And finally, contrary to Defendant's suggestion, [MIO 7-8] it was not necessary for the State to specify or for the jury to agree which entry formed the basis for the conviction. *See generally State v. Godoy*, 2012-NMCA-084, ¶ 6, 284 P.3d 410 ("[W]here alternative theories of guilt are put forth under a single charge, jury unanimity is required only as to the verdict, not to any particular theory of guilt."); *State v. Salazar*, 1997-NMCA-043, ¶ 18, 123 N.M. 347, 940 P.2d 195 ("[A] defendant is not entitled to a unanimous verdict on the precise manner in which the crime was committed, or by one of several alternative methods or modes, or under any one

3

interpretation of the evidence, so long as there is substantial evidence to support each of the methods, manners and modes charged."); *cf. State v. Salazar*, 1997-NMSC-044, ¶ 32, 123 N.M. 778, 945 P.2d 996 (holding that "a jury's general verdict will not be disturbed in such a case where substantial evidence exists in the record supporting at least one of the theories of the crime presented").

{6}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**EMIL J. KIEHNE, Judge**